[Civ. No. 44631. Second Dist., Div. Four. Mar. 21, 1975.]

JESSE EDWARD SHACKELTON, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Willard A. Shank, Assistant Attorney General, Bruce J. Braverman and Robert L. Mukai, Deputy Attorneys General, for Defendant and Appellant.

Charles T. Smith for Plaintiff and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—The Department of Motor Vehicles of the State of California appeals from a judgment of the Superior Court of Los Angeles County commanding the Department of Motor Vehicles to permanently vacate, annul and set aside an order of suspension of respondent's (petitioner below) driver's license.

The facts are as follows: The Department of Motor Vehicles of the State of California issued an order of suspension dated July 26, 1973, advising Jesse E. Shackelton (respondent) that it had received a peace officer's sworn statement that he had been arrested on July 10, 1973, and that he had failed to submit to a chemical test after being requested by the peace officer to submit to said test pursuant to Vehicle Code section 13353, subdivision (b).

On August 3, 1973, respondent requested a formal hearing with regard to the suspension of his operator's license.

On August 9, 1973, the Department of Motor Vehicles notified respondent that its order of suspension dated July 26, 1973, had been stayed until further notice.

On August 21, 1973, a formal hearing was held. The referee made the following findings: (a) respondent was lawfully arrested; (b) the peace officer had reasonable cause to believe that respondent had been driving a motor vehicle upon the highway while under the influence of intoxicating liquor; (c) respondent was told that his driving privilege would be suspended for a period of six months if he refused to submit to a chemical test; and (d) respondent refused to submit to any chemical test of his blood, breath or urine after requested to do so by the officer.

On November 19, 1973, by its order of suspension, appellant notified respondent that the stay of the order of suspension dated August 9 had been vacated and that its order of suspension dated July 26, 1973, became effective on November 28, 1973.

On November 27, 1973, respondent petitioned the Superior Court of Los Angeles County for an alternative writ of mandate.

A hearing on the writ was held on December 27, and judgment was entered for respondent (petitioner below), decreeing the issuance of a peremptory writ of mandate commanding appellant (respondent below) to permanently vacate, annul and set aside its order of suspension of November 19, 1973.

On July 16, 1973, the People had filed a complaint against Jesse Edward Shackelton, alleging a violation of section 23102, subdivision (a) of the Vehicle Code. On August 1, 1973, in the Municipal Court of the Long Beach Judicial District, the preliminary issue as to the lawfulness

of Shackelton's arrest was submitted to the court on facts stipulated to by the city attorney and the attorney for the petitioner. The court considered the facts, heard the arguments and found that the arrest of defendant (respondent herein) was unlawful and sustained his objection to the introduction of any further evidence.

At the formal hearing on August 21, 1973, at its commencement and before any testimony was taken, respondent offered in evidence a certified copy of the municipal court docket in the case of "People v. Jesse Edward Shackelton," the respondent herein. The referee refused to receive it on the ground that it was hearsay. Respondent then objected to the introduction of any evidence on the ground that the municipal court's finding that respondent's arrest was unlawful was binding on the department. The referee overruled the objection. However, the administrative officer said he would receive the document as hearsay evidence for the purpose of the administrative hearing before said referee.

Appellant contends that the department did not abuse its discretion in finding that respondent was lawfully arrested, the finding of a trial court notwithstanding. He suggests the only issue requiring resolution by the court below was a question of law. The court below held as a conclusion of law as follows: "The court concludes from the above findings that the finding of the Municipal Court that petitioner [respondent herein] was not lawfully placed under arrest is a determination that is binding on respondent [appellant herein] and that respondent's [appellant's herein] hearing officer was estopped to enquire into the circumstances of petitioner's [respondent's herein] arrest."

Appellant contends that the court below erred in so concluding. With this we disagree. The municipal court docket was received in evidence, but its use was restricted for the purpose of the administrative hearing before the referee. The municipal court docket should have been received in evidence without any restrictions or limitations.

"The record imports absolute verity, and in this collateral proceeding must be accepted as speaking the truth . . . ." (*In re Connor,* 16 Cal.2d 701, 708 [108 P.2d 10].)

The appellant was bound by the finding of the municipal court that respondent's arrest was unlawful.

The appellant herein admits that it did not seek a redetermination regarding the lawfulness of the arrest after the municipal court found

that the arrest was illegal and unlawful and dismissed the case against the defendant (respondent herein). The appellant was bound by the finding and judgment of the municipal court, "that respondent's arrest was unlawful and illegal."

The Department of Motor Vehicles was estopped to make a contrary finding; the judgment of the municipal court was a conclusive determination. ■ The general test as to whether collateral estoppel applies depends upon (a) whether the issue, before the tribunal in the prior adjudication was identical with the one decided in the action in question; in the case before us the issues were identical; (b) whether there was a final determination "on the merits" in the earlier case wherein the municipal court's judgment had become final; and, (c) was the party against whom the determination was made a party, or in privity with a party, to the prior adjudication. The answers are all in the affirmative. ■ Having met the tests set forth above, the Department of Motor Vehicles is estopped to make a contrary finding. (*Ponce* v. *Tractor Supply Co.,* 29 Cal.App.3d 500, 504 [105 Cal.Rptr. 628].)

Judgment affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied April 8, 1975.