[Civ. No. 62478. Second Dist., Div. Two. Oct. 19, 1981.]

JAMES LOFTHOUSE, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, and Marilyn K. Mayer, Deputy Attorney General, for Defendant and Appellant.

Benjamin P. Wasserman for Plaintiff and Respondent.

OPINION

COMPTON, J.—The Department of Motor Vehicles (DMV) after a formal evidentiary hearing, and pursuant to Vehicle Code section 13353, suspended James Lofthouse's (respondent) driver's license for six months as a result of his refusal to submit to a blood alcohol test after his arrest for violating Vehicle Code section 23102, subdivision (a).

Respondent successfully petitioned the superior court for a writ of mandate commanding the DMV to vacate the suspension. The DMV has appealed and we reverse.

The trial court's judgment granting the petition for mandate was grounded solely on the purported "res judicata" effect of the dismissal of criminal proceedings that had been instituted against respondent in the Municipal Court for the Inglewood Judicial District. The dismissal, which was pursuant to Penal Code section 1385, was in turn based on an alleged "lack of jurisdiction."

The factual and procedural background is as follows. On August 8, 1979, Officer Klawitter of the Hawthorne Police Department, observed respondent driving his automobile and proceeding westbound on Imperial Boulevard. Respondent was driving erratically, making several lane changes which caused drivers of other vehicles to make sudden stops to avoid collision.

Imperial Boulevard at the location in question is apparently the boundary line between the City of Hawthorne and the City of Inglewood, with the north half or westbound portion of Imperial Boulevard actually being in the City of Inglewood. In any event, Officer Klawitter pursued respondent for several blocks during which time respondent apparently turned north and was stopped in the City of Inglewood.

Respondent exited his vehicle and approached the police car. He staggered as he walked. The officer detected an odor of alcohol on respondent's breath, his eyes were watery and his speech slurred. The officer administered a field sobriety test and formed the opinion that respondent was under the influence of alcohol.

Officer Klawitter took respondent to the Hawthorne police station where he advised him of his rights and obligations concerning submission to a test for the alcohol content of his blood pursuant to Vehicle Code section 13353. Respondent refused to take any test. On August 10, 1979, a misdemeanor complaint was filed in the Municipal Court of the Inglewood Judicial District, charging respondent with a violation of Vehicle Code section 23102, subdivision (a).

Upon receipt of the officer's sworn statement that respondent had refused to submit a blood alcohol test, the DMV on August 28, 1979, suspended his license. Respondent then requested a formal hearing.

On September 26, 1979, the Hawthorne City Attorney moved to dismiss the aforementioned criminal complaint and the minutes of the Inglewood Municipal Court disclosed that the motion was granted pursuant to Penal Code section 1385[1] for "lack of jurisdiction."

Subsequently the DMV conducted a formal evidentiary hearing. During the hearing, respondent's counsel contended that the original arrest was unlawful and that the dismissal order was res judicata on that issue. His principal argument seems to have been that the Hawthorne officer lacked "peace officer" status in the City of Inglewood and thus was required to take the arrestee to the Inglewood police station rather than the Hawthorne police station. The DMV, at its hearing, independently found that the arrest was lawful.

Vehicle Code section 13353, the so-called "implied consent" law, requires a person who has been lawfully arrested for driving a motor vehicle while under the influence of intoxicating liquor, to submit to a test to determine the alcohol content of his blood. The test is to be administered at the direction of a peace officer who has reasonable cause

---

[1]Penal Code section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

to believe that such person was so driving. It is evident from the language of the statute that the test need not be administered at the direction of the officer who made the physical arrest.

■ The arrest here was unquestionably lawful. Respondent's driving, conduct and appearance at the time of arrest would have led any reasonable person who observed these things to conclude that respondent had violated Vehicle Code section 23102, subdivision (a) in his presence. Thus it is immaterial whether the arrest be viewed as one effected by a peace officer or a private citizen. (Pen. Code, §§ 834, 836.5, 837.)

Penal Code section 847 requires only that a private citizen who makes an arrest, deliver the arrestee to a peace officer or a magistrate. Thus even if Officer Klawitter's status be viewed as that of a private citizen, his taking the arrestee to the Hawthorne Police Department, complied with Penal Code section 847, and violated no laws of which we are aware.

Beyond that, however, Officer Klawitter undoubtedly had the status of a peace officer at the time of the arrest and his authority extended to any place in the State of California as to any public offense which he had probable cause to believe was committed in his presence and where there existed an immediate danger to persons or property or of the escape of the perpetrator. (Pen. Code, § 830.1.) Each of those enumerated factors were present here. Respondent constituted a threat to the safety or property of others and would have escaped apprehension had he been permitted to proceed on his way.

Our conclusion that the arrest was lawful then leads inexorably to the conclusion that the other critical requirement of Vehicle Code section 13353 was met. Officer Klawitter in requesting respondent to submit to the blood alcohol test was a peace officer who had probable cause to believe that respondent had in fact violated Vehicle Code section 23102, subdivision (a). The DMV finding that respondent was lawfully arrested is well supported by the evidence and the law.

■ We turn now to respondent's contention, and the trial court's conclusion, that the dismissal of the criminal proceedings determined conclusively that the arrest was unlawful and that by virtue of the doctrine res judicata, or more correctly, the doctrine of collateral estoppel,

the DMV was powerless to make an independent determination of the validity of the arrest.

In view of the fact that the order of dismissal in the municipal court makes no mention whatsoever of the arrest but only a "lack of jurisdiction" we are at a loss to understand the basis for the trial court's decision. We are further puzzled by the dismissal order itself since the Municipal Court for the Inglewood Judicial District is the proper court for the trial of misdemeanors committed in both the City of Inglewood and the City of Hawthorne. In other words, the Inglewood Municipal Court had subject matter jurisdiction.

As to the jurisdiction over respondent's person, the record makes it quite clear that he appeared in the Inglewood Municipal Court and entered a plea of not guilty. He was thus personally subject to the court's jurisdiction. The legality of his arrest was immaterial to the issue of jurisdiction. (*People* v. *Bradford* (1969) 70 Cal.2d 333 [74 Cal.Rptr. 726, 450 P.2d 46]; *People* v. *Willingham* (1969) 271 Cal.App.2d 562 [76 Cal.Rptr. 760]; *Ker* v. *Illinois* (1886) 119 U.S. 436 [30 L.Ed. 421, 7 S.Ct. 225]; *Frisbie* v. *Collins* (1952) 342 U.S. 519 [96 Cal.Rptr. 541, 72 S.Ct. 509]; *People* v. *Stoliker* (1961) 192 Cal.App.2d 263 [13 Cal. Rptr. 437].)

Thus whatever subjective reason may have prompted the Hawthorne City Attorney and the Inglewood Municipal Court to believe that there was a lack of jurisdiction to prosecute respondent for the criminal violation, those reasons could not have included the court's lack of jurisdiction over the offense or the person.

■ The elements of the doctrine of collateral estoppel are (1) the issue decided in a prior adjudication was identical with that presented in the action in question, (2) there was a final judgment on the merits in the prior adjudication and (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior adjudication. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865 [151 Cal. Rptr. 285, 587 P.2d 1098]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807 [122 P.2d 892].)

■ The well-established rule in California is that a prior acquittal in a criminal proceedings does not have res judicata effect in a later civil proceeding or administrative disciplinary proceeding. (*Beckner* v. *Sears, Roebuck & Co.* (1970) 4 Cal.App.3d 504 [84 Cal.Rptr. 315]; *People* v.

*One 1952 Chevrolet* (1954) 128 Cal.App.2d 414 [275 P.2d 509]; *Zitny v. State Bar* (1966) 64 Cal.2d 787 [51 Cal.Rptr. 825, 415 P.2d 521]; *Bold* v. *Board of Medical Examiners* (1933) 135 Cal.App. 29 [23 P.2d 826]; *In re Coughlin* (1976) 16 Cal.3d 52 [127 Cal.Rptr. 337, 545 P.2d 249].)

Nor does the doctrine of collateral estoppel apply to proceedings under Vehicle Code section 13353. The DMV in its role of controlling the licensing of drivers is not in privity with the prosecutor in a criminal proceeding growing out of the driving of a motor vehicle. The DMV has no power to control the criminal proceedings nor to intervene therein. (*Lynch* v. *Glass* (1975) 44 Cal.App.3d 943 [119 Cal.Rptr. 139].)

Further, it would be a rare case in which the validity of the arrest would be an issue litigated in a prosecution for violation of Vehicle Code section 23102, subdivision (a), where the arrestee refused all tests. Clearly it was not litigated in the instant case nor was it even impliedly determined by the order of dismissal in the municipal court. Hence the issues were not even similar, let alone identical.

Similar attempts to circumvent the authority of the DMV by reliance on extraneous rulings of the trial court in prosecutions for violations of Vehicle Code section 23102, subdivision (a) have proved unsuccessful in at least two instances.

In *Skinner* v. *Sillas* (1976) 58 Cal.App.3d 591 [130 Cal.Rptr. 91], the deputy district attorney stipulated that defendant had complied with Vehicle Code section 13353 immediately before defendant pleaded guilty to misdemeanor drunk driving. In *Reed* v. *Department of Motor Vehicles* (1979) 102 Cal.App.3d 662, 666 [164 Cal.Rptr. 373], defendant obtained a pretrial ruling from the criminal court that he had complied with Vehicle Code section 13353 and then pleaded guilty to misdemeanor drunk driving. In each of these cases it was held that the DMV was not collaterally estopped from independently determining whether the defendant had in fact complied with Vehicle Code section 13353.

Respondent here has cited us to the holding in *Shackelton* v. *Department of Motor Vehicles* (1975) 46 Cal.App.3d 327 [119 Cal.Rptr. 921], where Division Four of this court, without any discussion or legal justification, simply stated that a finding of a criminal trial court, made

at the time it dismissed, without trial, a misdemeanor drunk driving complaint, that the licensee's arrest was unlawful, was binding on the DMV. While we do not believe that the holding in that case correctly states the law, the fact remains that in the instant case the issue of the legality of the respondent's arrest was irrelevant to and was never in fact determined in the criminal proceedings.

"The rule with regard to . . . proceedings for suspension . . . of a license for refusal to submit to chemical blood test is that such proceedings are . . . unaffected by the fact of the commencement of a criminal prosecution for driving under the influence of intoxicating liquor or by the *result of such prosecution*." (*August* v. *Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, at P. 67 [70 Cal.Rptr. 172]; italics added.)

The judgment is reversed and the matter is remanded to the trial court with directions to enter a judgment denying the petition.

Roth, P. J., and Beach, J., concurred.