[No. D005374. Fourth Dist., Div. One. June 10, 1988.]

CHARLES JAY VARY, Plaintiff and Respondent, v.
LLOYD H. FORREST, JR., as Director, etc., Defendant and
Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Melvin R. Segal and Beth Lori Faber, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**BENKE, J.**—The Department of Motor Vehicles (Department) appeals the issuance of a writ of mandate ordering the reinstatement, after revocation

pursuant to Vehicle Code[1] section 13352, subdivision (a)(5), of the driving privileges of Charles Vary. The Department contends the issuance of the writ was barred by the statute of limitations, the petition was not properly verified and the trial court erred in deciding that the Department was collaterally estopped from asserting the propriety of the revocation. No brief has been filed by Vary. We nonetheless address the issues. We conclude the trial court was incorrect in ruling that the Department was barred by the doctrine of collateral estoppel from arguing the lawfulness of the license revocation. We further conclude the license was properly revoked by the Department. Because we reverse the decision below, we take no position on the additional issues raised.

I

PROCEDURAL HISTORY

Within a five-year period, Vary suffered three convictions for driving under the influence of alcohol. The first violation, charged under former section 23102, subdivision (a) (now § 23152, subd. (a)), occurred on December 22, 1980, and resulted in conviction on February 6, 1981. The later violations, charged under section 23152, subdivision (a), occurred on December 12, 1982, and March 14, 1983, and resulted in convictions based on pleas of guilty entered April 11, 1984. Vary was granted probation as to the 1982 and 1983 violations. One condition of probation was the suspension of his driver's license for three years.

On June 6, 1984, the Department revoked Vary's driver's license for a period of three years pursuant to section 13352, subdivision (a)(5).[2]

In August 1985 Vary filed a motion for modification of sentence in the municipal court. Essentially he argued that at the time of his sentencing in 1984, the wording of the various Vehicle Code sections dealing with punishment for multiple convictions of driving under the influence required he be sentenced under section 23165 which governs defendants with one prior conviction rather than under section 23170 which governs defendants with

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

[2] Section 13352, subdivision (a)(5), reads in part: "(a) The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of Section 23152 . . . .: [¶] [¶] (5) Upon a conviction or finding of a violation of Section 23152 punishable under Section 23170, the privilege shall be revoked for a period of three years. . . ."

two prior convictions.[3] Vary argued while he had clearly been convicted of three separate incidents of driving under the influence, since the last two were based on concurrent pleas, both convictions occurred when he had only one prior conviction for driving under the influence. This, Vary argued, meant that the three-year suspension of his license, stated as a condition of probation, should be reduced to a period of twelve months. Vary was not unmindful his license had independently been revoked by the Department but believed if sentence were modified, the Department would be required to conform to that change by modifying its revocation order.

The Department was not served with Vary's motion and did not appear at the hearing on the motion. Because the motion was to modify sentence, the district attorney was served and opposed the motion.

In response to the motion, the municipal court made the following order: "The motion to modify the sentence in B82961 and B86647 is granted. The defendant[']s license to drive is suspended for one year in each case from the date of April 11, 1983.

"Therefore, as far as this court is concerned, his license is now no longer suspended on either of the above cases."

On January 30, 1986, Vary filed a petition for writ of mandate directing the Department to set aside its order revoking his driver's license. Vary essentially repeated the claim he had made in the municipal court with regard to the motion for modification of sentence. Vary again noted that at the time of his second and third violations, section 23170 set out the punishment for an offender who was convicted of a violation of section 23152 and the offense occurred within five years of two prior offenses which resulted in

---

[3] In 1984 section 23165 read: "If any person is convicted of a violation of Section 23152 and the offense occurred within five years of a prior offense which resulted in conviction of a violation of Section 23152 or 23153, or a prior offense which occurred on or after January 1, 1982, which resulted in a conviction of a violation of Section 23103 as specified in Section 23103.5, that person shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). The person's privilege to operate a motor vehicle shall be suspended by the Department of Motor Vehicles pursuant to paragraph (3) of subdivision (a) of Section 13352." (Stats. 1982, ch. 1339, p. 4987.)

In 1984 section 23170 read: "If any person is convicted of a violation of Section 23152 and the offense occurred within five years of two prior offenses which resulted in convictions of violations of Section 23152 or 23153 or both, that person shall be punished by imprisonment in the county jail for not less than 120 days nor more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). The person's privilege to operate a motor vehicle shall be revoked by the Department of Motor Vehicles pursuant to paragraph (5) of subdivision (a) of Section 13352." (Stats. 1983, ch. 637, p. 2546.)

convictions for violations of section 23152. Since his second two convictions were based on simultaneous pleas, he did not have—at the time of those convictions—two prior convictions for violations of section 23152. Vary noted that section 13352, subdivision (a)(5), requiring the Department to revoke his license for a period of three years was tied to whether he was punishable under section 23170. Since Vary claimed he could not be punished under section 23170, the Department had no basis to revoke his license for a period of three years. Vary claimed his license should be dealt with under the less onerous provisions of sections 23165 and 13352, subdivision (a)(3).

The Department responded by claiming the petition was not properly verified and was also barred by the statute of limitations. In addition the Department argued its revocation of Vary's license was based on the fact he had been convicted of three violations of section 23152 within five years, and not on the fact he had been sentenced in a criminal case under section 23170.

At the hearing on the petition the trial court indicated its belief the Department's refusal to withdraw the three-year revocation of Vary's license, in light of the municipal court's modification of sentence in the criminal cases, was harmful to the integrity of the judicial system. It concluded the Department was collaterally estopped from raising the issue of the appropriate sentencing scheme because the issue had been addressed in the municipal court. The court further concluded the Department was in privity with the district attorney. The superior court thus concluded the ruling of the municipal court was binding on the Department to the extent it was required to withdraw the three-year revocation of Vary's license.

## II

### DISCUSSION

 The Department raises several issues concerning the propriety of the order issuing the writ. It is necessary, however, to deal only with the question of whether the Department was collaterally estopped from asserting arguments concerning its independent power to revoke Vary's license in light of his three convictions.

The doctrine of collateral estoppel and the requirements for its application can be easily stated. A judgment in a previous action between the same parties or those in privity with them operates in a later action as a conclusive adjudication as to issues actually and necessarily decided in the first action. (*Rohrbasser* v. *Lederer* (1986) 179 Cal.App.3d 290, 297 [224

Cal.Rptr. 791].) In order for the doctrine to apply, the issue in the second action must be identical to the issue adjudicated in the first. (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 904, fn. 6 [191 Cal.Rptr. 629, 663 P.2d 187].)

 In the present case the issue of whether the Department was in privity with the district attorney such that issues decided at the hearing on the motion for modification of sentence would collaterally estop reconsideration of those issues in the action on the writ is one about which courts disagree. (Compare *Lofthouse* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 730, 736-738 [177 Cal.Rptr. 601] [no privity]; *Shackelton* v. *Department of Motor Vehicles* (1975) 46 Cal.App.3d 327, 331 [119 Cal.Rptr. 921] [privity]; *Buttimer* v. *Alexis* (1983) 146 Cal.App.3d 754, 758-761 [194 Cal.Rptr. 603] [privity]; see also *People* v. *Sims* (1982) 32 Cal.3d 468, 486-489 [186 Cal.Rptr. 77, 651 P.2d 321].) It is unnecessary in this case to confront this division, however, since the trial court erred in concluding the municipal court had resolved, in the hearing on the motion for modification of sentence, an issue relevant to the Department's revocation of Vary's license.

The sole question before the municipal court was whether the proper sentencing section was used in Vary's criminal cases. The issue before the municipal court did not involve striking or otherwise eliminating a conviction. The municipal court determined only the manner in which Vary would be sentenced. Following the municipal court action, Vary still stood convicted of three separate violations. As we will explain, the ruling of the municipal court was irrelevant, substantively and procedurally, to the question of the Department's independent and legislatively mandated duty pursuant to section 13352, subdivision (a)(5), to revoke Vary's license for three years based on the existence of the three convictions.

While not raising the precise issue before us, the Supreme Court's decision in *Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367 [211 Cal.Rptr. 748, 696 P.2d 141], is instructive. In *Pollack* the court noted it was once again called upon to interpret poorly written legislation, specifically certain language in section 13352, subdivision (a)(3), as amended in 1981, involving the Department's power to suspend Pollack's driver's license. Pollack claimed that as amended the section required his prior convictions be pled and proved in the criminal case before they could be used by the Department to suspend his license. The Department responded it was required under section 13352, subdivision (a)(3), to suspend a license after a second conviction whether or not the prior conviction was pled and proved at the second trial. (*Id.* at pp. 371-372.)

The court noted that the statutory provisions prohibiting driving while under the influence and the criminal sentencing scheme for violation of those sections is contained in division 11 (Rules of the Road), chapter 12 (Public Offenses), while section 13352, which requires the Department to revoke licenses after convictions for such offenses, is contained in division 6 dealing with issuance, renewal, suspension and revocation of licenses. This separation of punishment function and regulatory function was confused, however, because the 1981 amendment to section 13352 had tied the regulatory suspension or revocation of a license to the specific criminal sentencing section under which an offender could be punished. Thus, Section 13352, subdivision (a)(3), stated in part: "Upon a conviction or finding of a violation of Section 23152 [driving under the influence] punishable under section 23165 [the punishment section dealing with second offenders], the privilege shall be suspended for one year." (The same wording scheme is used in § 13352, subd. (a)(5), dealing with three-time offenders.) (*Pollack, supra,* 38 Cal.3d at pp. 371, 372.)

In the criminal case in *Pollack,* the prosecutor had failed to plead or prove a prior conviction for driving under the influence. Pollack argued that since his criminal punishment could not be increased under the sentencing provisions of section 23165 and since no prior had been pled or proved, he was not "punishable" under that section within the meaning of section 13352, subdivision (a)(3). Thus his license could not be suspended under that section. (38 Cal.3d at pp. 372-373.)

The court rejected this argument, noting that prior to 1981 the linking of sentencing and regulatory provisions did not exist. Former section 13352 made no reference to sentencing statutes but rather provided the Department should suspend or revoke a license on the receipt of an abstract of a record from any court showing a conviction for driving under the influence. Varying durations of suspension or revocation were specified for first, second and third convictions within section 13352 itself. The court concluded the linkage of sentencing provisions with regulatory provisions occurred not because the Legislature intended some change in the law with regard to suspension and revocation but rather merely because of the way the Vehicle Code was reorganized in 1981. After tracing the legislative history of the changes made to the pertinent Vehicle Code sections, the *Pollack* court stated: "This observation suggests that the 'punishable under' formulation was merely intended to provide a shorthand reference to drunk driving offenses, with and without prior convictions. It does not imply, as Pollack suggests, an intent on the part of the Legislature to change the operation of existing law pertinent to the DMV's suspension or revocation of drivers' licenses upon a second conviction for drunk driving." (*Pollack v. Department of Motor Vehicles, supra,* 38 Cal.3d at p. 375.) The court further

stated: "For these reasons, we conclude that the Legislature did not intend, via its 1981 amendment, to alter the operation of prior law, and that the DMV under section 13352, subdivision (a)(3), is mandated to suspend the driving privileges of a driver convicted of a second drunk driving offense within five years." (*Id.* at p. 377, fn. omitted.) The court concluded the opinion with these words: "The thrust of the legislative concern under Vehicle Code section 13352 remains as it was under prior law: protection of the public from drivers whose prior conduct demonstrates they cannot currently be trusted with a license to drive. That concern would not be served by an interpretation of the statute which makes public protection dependent upon whether a prosecutor, in a criminal proceeding, chooses to plead and prove the prior offense. Rather, as the statutory history demonstrates, the Legislature intended license revocation to follow administratively from the record of convictions." (*Id.* at pp. 380-381, fn. omitted.)

While *Pollack* deals specifically with the effect on license suspension of a prosecutor's failure to plead and prove a prior conviction for driving under the influence, its reasoning is applicable to a claim that sentencing consideration or restrictions in the underlying criminal case are relevant to the Department's duties to suspend and revoke under section 13352. The Department's duty, before and after the 1981 amendment to section 13352, is to suspend or revoke a license based on the fact of convictions, and not on how offenders can be, or are, sentenced in the criminal courts. We conclude section 13352's reference to section 23170 is nothing more than shorthand for the directive that if an offender is convicted of three violations of stated sections in a period of five years, his license will be revoked for a period of three years.

In light of our conclusions herein, there could be no collateral estoppel effect between the municipal court's modification of Vary's sentence on his second and third convictions and the proceeding on the writ. The decision that because of the timing of the guilty pleas in 1984 Vary should have been sentenced as if he had two convictions rather than three was not an issue in the writ proceeding. Collateral estoppel therefore does not apply and the Department's order of revocation was properly made.

The judgment is reversed and the lower court is directed to enter an order denying the writ below consistent with this opinion.

Kremer, P. J., concurred.

**WORK, J.**—I concur with the majority opinion that the court erred in finding the Department of Motor Vehicles (Department) to be collaterally estopped by the prior municipal court proceedings in which Vary's sentence was modified. I believe, however, the lead opinion is overly complex.

First, to the extent the majority implies there is disagreement in the case precedent as to whether the Department and district attorney were in privity as that issue relates to the facts in this case, I suggest the implication is unwarranted. Those cases finding privity between those parties are confined to legal issues, i.e., related to lawfulness of arrests and similar concerns, which were actually litigated. In those cases the issue is one in which the criminal law enforcement concerns of the State of California are represented in court by the district attorney. Although those cases (cited in the majority opinion) finding privity rely on the fact that both the district attorney and the Department represent the State of California, the plain fact is the judicial adjudication that an arrest is unlawful eliminates a latter contrary finding by the Department in an administrative proceeding. The Department is not prejudiced because the court ruling does not intrude on its statutory licensing jurisdiction, but only indirectly affects it by removing one statutory condition prerequisite to the Department's power to suspend or revoke a license. On the other hand, those cases finding no privity between the Department and the district attorney refer to factual situations where the court attempted to directly intrude into the Department's licensing jurisdiction or a driver attempted to rely on judicial determinations not related to guilt or innocence. (See, e.g., *Skinner* v. *Sillas* (1976) 58 Cal.App.3d 591, 595-597 [130 Cal.Rptr. 91] [where a driver pleaded guilty to drunk driving and at sentencing the district attorney stipulated there had been no refusal to submit to a chemical test to determine blood alcohol level as required by Veh. Code, § 13353, subd. (b)].) Thus, privity has always been found where a court made pertinent legal rulings such as an illegal arrest (*Shackelton* v. *Department of Motor Vehicles* (1975) 46 Cal.App.3d 327 [119 Cal.Rptr. 921]) or that certain prior convictions were constitutionally defective (*Mitchell* v. *Orr* (1969) 268 Cal.App.2d 813 [74 Cal.Rptr. 407]; *Skinner* v. *Sillas, supra,* 58 Cal.App.3d at p. 596, fn. 3). Privity has uniformly been rejected in those cases where the particular judicial findings were not necessary to determine guilt or innocence or which related purely to sentencing decisions underlying the court's power to judicially suspend or restrict driving privileges.

Although the issue was presented to the superior court, it did not determine the validity of the prior municipal court order which in effect found Vehicle Code section 23170 to be inapplicable. In other words, by limiting

its holding to the issue of collateral estoppel, the superior court did not determine the issue actually raised by Vary in his petition for mandate which was whether the Department erred in its suspension because he did not have two prior offenses at the time of his 1984 convictions as required under Vehicle Code section 23170. Instead, the court relied solely on the issue of collateral estoppel which it raised during oral argument without warning to either party.

Although our reversal reinstates the Department's order of suspension, unless it has already expired, it is clear the suspension was proper. Vary's argument was that Vehicle Code section 23170 required a defendant to have two prior *convictions.* However, that statute, as it read at the time he committed the second and third offenses in 1982 and 1983, required a suspension when suffering a conviction for drunk driving within five years of two or more prior *offenses* of that same crime. The statute was amended effective January 1984 to substitute "two separate violations of Section 23152 or 23153, or both, which resulted in convictions" for "two prior offenses which resulted in convictions of violations of Section 23152 or 23153, or both." Thus, the statute, as it read at the time of sentencing, was substantively the same as when Vary committed the 1982 and 1983 offenses. His conviction for the March 1983 offense, in 1984, was plainly for an offense occurring within five years of two prior *offenses* which resulted in convictions for Vehicle Code section 23152. The statute is silent as to the sequence of the convictions. Since the suspension mandate is to the Department to which all conviction records are sent, the problems of tracking conviction sequences for judicial sentencing purposes and overcoming a defendant's ability to manipulate sentencings imposed in separate judicial fora is minimized. Here, the clear language of the statute requires the Department to suspend even were all three *convictions* entered simultaneously.

It may be relevant that Vary filed no responding brief. His request for court appointed counsel was denied because of lack of statutory authority to do so in a civil appeal from the Department of Motor Vehicles Administrative actions. Further, the three-year suspension probably has already expired and Vary is probably not terribly concerned. In any event, his application for extension of time dated September 8, 1987, states he was then just

entering a work furlough program. Apparently, he has transgressed again and is wrestling with a subsequent suspension.