**Billy Duane HOLT,**
**Petitioner–Appellant,**

v.

**MISSOURI DEPARTMENT OF**
**REVENUE, Duane Benton,**
**Director, Respondent.**

**No. 16905.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 22, 1990.

Christopher C. March, Springfield, for petitioner-appellant.

Thomas Mountjoy, Springfield, for respondent.

FLANIGAN, Chief Judge.

The Director of Revenue, by order effective on October 23, 1989, revoked the driver's license of Billy Holt for "ten year minimum." Holt timely appealed to the circuit court of the county of his residence, as permitted by § 302.311.[1] After hearing the matter de novo, the court sustained the revocation. Holt appeals.

1. All references to statutes are to RSMo 1986, V.A.M.S.

Holt's sole point is that the director's order was unlawful, and the trial court erred in ruling otherwise, because the order was based on prior convictions for driving while intoxicated, and in the criminal proceeding involving the most recent conviction the court found that the offense "was a first offense." Thus, Holt contends, the director was "bound to view" the most recent offense "as a first offense DWI due to the principles of estoppel and res judicata."

In 1983 Holt was convicted in the Circuit Court of Benton County for driving while intoxicated. On January 12, 1984, Holt was convicted in the Circuit Court of Greene County for driving while intoxicated.

On October 23, 1989, Holt entered a plea of guilty to a charge of driving while intoxicated, first offense, and was sentenced on that plea. This proceeding will be referred to as "the third case." The information in the third case charged that Holt "committed the Class A misdemeanor of driving while intoxicated, second offense." The date of the alleged offense was May 4, 1989. It also pleaded that on January 12, 1984, Holt had pleaded guilty to driving while intoxicated, first offense, in the Circuit Court of Greene County.

Holt's brief, referring to the third case, said: "On October 23, 1989, the state agreed and stipulated to a finding and judgment by the court that Holt had committed a first offense DWI." The only basis for that statement is the language of the judgment in the third case which describes the offense as "DWI first."

Holt argues: "The state was prevented by estoppel and res judicata from claiming a third offense DWI when it had agreed to a finding and judgment of first offense DWI.... The issue before the court on the charge was whether Holt was driving while intoxicated and how many previous convictions he had for DWI. The issue before [the director] was whether Holt had been driving while intoxicated and how many previous convictions Holt had for DWI.... In [the third case] the state assumed the position that it was Holt's first DWI offense, so it is now estopped from treating it [through the director's order of revocation] as anything other than his first DWI offense."

Holt does not challenge the authority of the director to enter the order of October 23, 1989, if the director was entitled to consider all three convictions. Authority for the director's order, unless the judgment in the third case has the effect Holt's point seeks to ascribe to it, is found in § 302.302; § 302.304(6); and § 302.060(9).

"A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." § 577.010.1. "Driving while intoxicated is for the first offense, a class B misdemeanor." § 577.010.2. A person who pleads guilty to or is found guilty of a violation of § 577.010 who is alleged and proved to be a prior offender, is guilty of a class A misdemeanor. § 577.023.2. A person who pleads guilty to or is found guilty of a violation of § 577.010 who is alleged and proved to be a persistent offender is guilty of a class D felony. § 577.023.3.

A prior offender is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic conviction. § 577.023.1(3). A persistent offender is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction. § 577.023.1(2).

In *State v. Evers*, 777 S.W.2d 344, 345 (Mo.App.1989), the court said:

"The plain language of § 577.023.1(3) requires that the defendant either plead guilty to or be found guilty of an intoxication-related traffic offense within five years of a previous conviction for the same type of offense, to be treated as a prior offender."

In *State v. Evers*, the state sought to charge Evers as a prior offender based on a prior conviction for driving while intoxicated. The date of the prior conviction was January 3, 1984. In the second proceeding involving a charge of driving while intoxicated, the trial court properly struck the prior offender allegations of the information based on a motion filed five years and two days after the first conviction, and this was so although the second offense had been committed within the five-year period.

For the purpose of this opinion, this court assumes, but refrains from holding, that the doctrines of res judicata and collateral estoppel, if their respective elements are present, come into play where the first proceeding is a criminal action by the state and the second proceeding is an administrative action to which a state official is a party.[2]

With regard to res judicata, in criminal cases, our Supreme Court, quoting from a prior case, has said:

"The doctrine of res judicata by which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is applicable to judgments in criminal prosecutions. * * * The doctrine of res judicata, as applied to criminal cases, is subject to the same limitations as apply in civil cases. *And clearly, there must be an adjudication of the fact or issue in question. A judgment in a criminal case operates as res judicata only with respect to the issues of law and fact actually decided and those necessarily involved in the result.*" (Emphasis added.)

*State v. Chamineak,* 343 S.W.2d 153, 156 (Mo.1961).

With regard to collateral estoppel, or "issue preclusion," "the established rule is that the judgment in the prior adjudication operates only as to the issues, points, or questions actually litigated and determined." *Am. Polled Hereford v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo. 1982). See also *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 911 (Mo.App. 1990).

So far as Holt is concerned, the third case did not mention or involve the 1983 Benton County conviction, and there was no issue in that case of whether Holt was a persistent offender. The only prior conviction mentioned in the third case was the January 12, 1984, Greene County conviction. The date of that conviction, and of course the date of the offense on which it was based, preceded the date of the alleged offense, May 4, 1989, on which the third case was predicated, by more than five years. Thus the January 12, 1984, Greene County conviction would not satisfy the "prior offender" requirements of

**2.** Cf. *Younge v. State Bd. of Reg. for Healing Arts,* 451 S.W.2d 346, 350[5] (Mo.1969), holding that the State Board of Registration for Healing Arts is a legal entity in the nature of a quasi corporation, and is not the state, and thus there was no identity of parties, for collateral estoppel or res judicata purposes, in a criminal prosecution for abortion in which the state is a party and an administrative proceeding for revocation of license on the ground of performing an unlawful abortion. The court also held that "the thing sued for" was not the same in the two proceedings.

Cf. *City of St. Joseph v. Johnson,* 539 S.W.2d 784 (Mo.App.1976), in which a proceeding for revocation of a driver's license by the Director of Revenue had no collateral estoppel effect in a subsequent proceeding for breach of a municipal ordinance because of the "disparity of the parties and of the interests affected."

Compare, also, § 302.505.3, dealing with suspension or revocation under §§ 302.500 to 302.-540 and providing that the determination of certain facts dealing with alcohol concentration in a person's blood or breath by the Department of Revenue "is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension or revocation under this section."

One court has held that the doctrine of collateral estoppel, sought to be invoked on the basis of a prior criminal proceeding, does not apply to proceedings under the vehicle code for suspension of a driver's license, the Department of Motor Vehicles not being in privity with the prosecutor. *Lofthouse v. Brown,* 124 Cal.App.3d 730, 177 Cal.Rptr. 601 (1981).

§ 577.023.1(3). For sentencing purposes in the third case, Holt was a first offender within the meaning of § 577.010.2, punishable for a class B misdemeanor. For that reason, the judgment in the third case properly described Holt's offense, for sentencing purposes, as a "first offense," or, to use its informal terminology, "DWI, first."

What Holt seeks to do, in attempting to invoke the doctrines of res judicata and collateral estoppel with respect to the judgment in the third case, is to ascribe to that judgment a specific finding of fact that Holt had no prior intoxication-related traffic offense convictions at all. The judgment in the third case contains no such express finding, nor was such a finding "actually decided" and "necessarily involved in the result." *State v. Chamineak, supra.*

Holt's point has no merit because the judgment in the third case made no finding that the 1983 and 1984 convictions did not exist. It is unnecessary to determine whether there are other reasons for invalidating Holt's point.

The judgment is affirmed.

HOGAN, J., and PARRISH, P.J., concur.