[No. A052137. First Dist., Div. Four. Dec. 30, 1991.]

CARLOS VILLA ZAPATA, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, N. Eugene Hill, Assistant Attorney General, Jose R. Guerrero and Landra E. Rosenthal, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

OPINION

REARDON, J.—The Department of Motor Vehicles (DMV) appeals a superior court judgment issuing a writ directing DMV to vacate its order revoking respondent's driving privilege for a period of three years. We affirm.

FACTS

Respondent Carlos Villa Zapata was arrested for driving under the influence of alcohol on January 19, 1990. He was charged by criminal complaint filed in the San Francisco Municipal Court with a violation of Vehicle Code section 23152, subdivision (a),[1] and it was also alleged that he refused to complete a chemical test pursuant to section 23159, subdivision (b). Respondent moved to suppress evidence pursuant to Penal Code section 1538.5. Evidence was taken and argument heard. In its written order entitled "Finding of Fact and Order Suppressing Evidence After Hearing on § 1538.5 PC Motion," the municipal court concluded that the activity of the police "constituted an arrest of the Defendant without probable cause." The municipal court ordered suppressed all observations made by the arresting police officers, any statements made by the respondent, and any evidence concerning respondent's refusal to submit to chemical testing. At the hearing on the motion to suppress, the People were represented by a prosecuting attorney from the San Francisco District Attorney's Office. No review of the order suppressing evidence was sought by the district attorney (see Pen. Code, § 1538.5, subd. (j)) and, respondent alleges, the criminal case was thereafter dismissed on May 9, 1990.

On May 11, 1990, two days following dismissal of the criminal action, an administrative hearing was held before a DMV referee to determine whether respondent's driving privilege should be revoked for failure to submit to chemical testing. (See § 13353.) In order to support a revocation under section 13353, as expressly recognized by the referee, a finding must be made that respondent was "lawfully arrested." (See *Music* v. *Department of Motor Vehicles* (1990) 221 Cal.App.3d 841 [270 Cal.Rptr. 692].) Respondent opposed revocation on the basis that DMV was collaterally estopped from relitigating the issue of the lawfulness of respondent's arrest because that issue had been previously resolved by the municipal court in ruling on the suppression motion. In support of his opposition, respondent introduced into evidence the written order of the municipal court. The matter was taken under submission by the referee.

On July 3, 1990, an order revoking respondent's driving privilege was entered. With respect to the defense of collateral estoppel, the referee

---

[1]All subsequent section references are to the Vehicle Code unless otherwise indicated.

concluded: "With regard to the illegal arrest, the referee notes that the hearing held before the judge was not an adjudication of the DUI charge, but rather a specialized hearing on a motion to suppress evidence. Although the judge's ruling consequently affects the ability to try the DUI charge, it does not specifically adjudicate that charge. As the court has no privity with the Department of Motor Vehicles and vice versa, in regard to the adjudication of action taken pursuant to Section 13353 of the California Vehicle Code, this referee determines that the evidence presented at this hearing is sufficient to make findings on the four Implied Consent issues . . . ." The referee then found, on the issue of the lawfulness of respondent's arrest, that "Carlos Villa Zapata was lawfully arrested."

Respondent then sought writ relief in the superior court contending, as he did before the DMV referee, that collateral estoppel barred relitigation of the arrest issue. The superior court agreed and issued a writ vacating the revocation.

## Discussion

■ Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].) In order to establish collateral estoppel, several threshold requirements must be met: "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]" (*Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223]; see also *People* v. *Sims* (1982) 32 Cal.3d 468, 484 [186 Cal.Rptr. 77, 651 P.2d 321].) ■ In our view, these threshold requirements have been met by respondent in the instant case.

Clearly, the issue of the lawfulness of respondent's arrest is the "identical" issue previously decided by the municipal court. Since the decision of the municipal court that respondent's arrest was unlawful followed a contested evidentiary hearing, the issue was unquestionably "actually litigated." The issue was also "necessarily decided" because the unlawfulness of respondent's arrest was the basis of the motion and the basis upon which the order suppressing evidence issued. The decision of the municipal court was "final" at the time of the DMV hearing because the prosecutor did not seek review

of the court's order (see Pen. Code, § 1538.5, subd. (j)) and, in any event, the criminal case had been dismissed. The decision was also "on the merits" of the arrest issue, which is the issue that respondent contends cannot be relitigated by DMV.

Appellant's principal challenge is to the last threshold requirement that "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." (*Lucido* v. *Superior Court, supra,* 51 Cal.3d at p. 341.) This precise challenge has been rejected in two appellate decisions on facts identical to those presented in the instant one. In *Shackelton* v. *Department of Motor Vehicles* (1975) 46 Cal.App.3d 327 [119 Cal.Rptr. 921], the court found privity between the prosecuting attorney in the criminal proceedings and DMV in the subsequent revocation proceedings, and that "appellant [DMV] was bound by the finding of the municipal court that respondent's arrest was unlawful." (*Id.,* at p. 330.) In *Buttimer* v. *Alexis* (1983) 146 Cal.App.3d 754 [194 Cal.Rptr. 603], the court, relying on *Shackelton* and *Sims,* reached the same conclusion: "We see no reason for finding the El Dorado District Attorney and DMV are not in privity. DMV may have no control over the actions of the District Attorney, however, the district attorney represents the State of California in criminal matters, and DMV represents the interests of the State of California in its hearings. We conclude the State of California is the real party in interest in both proceedings and the requirement of privity as an element of collateral estoppel is satisfied." (*Id.,* at p. 760.) The appellate court upheld the trial court's ruling that DMV was collaterally estopped from relitigating the arrest issue.

Appellant urges us to reject *Shackelton* and *Buttimer,* two cases directly on point, in favor of *Lofthouse* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 730 [177 Cal.Rptr. 601] and *Pawlowski* v. *Pierce* (1988) 202 Cal.App.3d 692 [249 Cal.Rptr. 49]. In *Lofthouse,* the doctrine of collateral estoppel was found to be inapplicable because the validity of the arrest was not decided in the prior criminal proceedings. Although the *Lofthouse* court unquestionably expressed a disagreement with *Shackelton,* this disagreement must be treated as dicta: "While we do not believe that the holding in that case [*Shackelton*] correctly states the law, the fact remains that in the instant case the issue of the legality of the respondent's arrest was irrelevant to and was never in fact determined in the criminal proceedings." (*Lofthouse, supra,* at p. 738.)

In *Pawlowski* v. *Pierce, supra,* 202 Cal.App.3d 692 the court determined that collateral estoppel did not prevent DMV from finding that appellant refused chemical testing even though a jury at the prior criminal trial had found in favor of appellant on that issue. The court's ruling was based upon

two grounds: (1) no privity between the district attorney and DMV and (2) no identity of issues in that a refusal in the criminal proceeding must be willful (§ 23159) whereas a simple refusal will suffice for license suspension (§ 13353). With respect to the issue of privity, the *Pawlowski* court read *Sims* as requiring "a close association of entities representing the state's interests . . . ." (*Pawlowski, supra,* at p. 698.) Citing *Lofthouse* with approval, the court concluded that "inasmuch as there is no such close association here, there can be no privity between the district attorney and the DMV, notwithstanding the fact they both represent the state's interests." (*Ibid.*) This narrow interpretation of *Sims* on the issue of privity is, in our view, incorrect.

■ "Privity is essentially a shorthand statement that collateral estoppel is to be applied in a given case; there is no universally applicable definition of privity." (*Lynch* v. *Glass* (1975) 44 Cal.App.3d 943, 947 [119 Cal.Rptr. 139].) The concept of privity refers "to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel [citations]." (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875 [151 Cal.Rptr. 285, 587 P.2d 1098]; see also *People* v. *Sims, supra,* 32 Cal.3d at pp. 486-487.) It is not necessary that the party to be estopped be an actual party to the prior proceedings. (32 Cal.3d at p. 486.)

It must be remembered that in *People* v. *Sims, supra,* 32 Cal.3d 468, upon which *Pawlowski* relies, the court found that there *was* privity between the district attorney and the county welfare department such that findings favorable to the defendant at the prior administrative hearing collaterally estopped the district attorney from criminal prosecution of the defendant for fraud. The primary basis upon which the *Sims* court concluded that privity existed was the fact that both the district attorney and the county welfare department were agents of the State of California and represented the state in the respective proceedings. In support of its finding, the court quoted from *Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 398 [29 Cal.Rptr. 657, 380 P.2d 97], as follows: " '[T]he courts have held that the agents of the same government are in privity with each other, since they represent not their own rights but the right of the government. [Fn. omitted.]' [Citations.]" (*People* v. *Sims, supra,* at p. 487.) ■ Here, as in *Sims,* the district attorney and the DMV acted as agents of the same government, the State of California, at the respective proceedings, and each represented "not their own rights but the right of the government." As we read *Sims,* this relationship is sufficient in itself to establish privity. To the extent *Pawlowski* interprets *Sims* as requiring something more by way of relationship, that something more is clearly present here through the mutual goals, objectives and interests of the district attorney and DMV in the driving under the influence arena.

The obvious purpose of both agencies in both proceedings is to protect the public from those who drive under the influence of alcohol or drugs. From each proceeding, sanctions may flow that will hopefully deter such conduct. In the criminal proceeding, sanctions may include incarceration, fine, and other penalties including an order from the court that DMV suspend a defendant's driving privilege. (See § 23160 et seq.) In the DMV administrative proceedings, sanctions include suspension or revocation of the defendant's driving privilege. Neither agency may obtain these sanctions if the evidentiary basis is the product of an unlawful arrest. (See *Music* v. *Department of Motor Vehicles*, *supra*, 221 Cal.App.3d 841.)

Since both agencies represent the state, both have the same interest of protecting the public from those who drive under the influence, and both initiate proceedings in an effort to obtain sanctions to deter such conduct, it is clear that the relationship between the district attorney and DMV in the context of DUI enforcement is "sufficiently close" to support a finding of privity for the purpose of applying collateral estoppel. (See *People* v. *Sims*, *supra*, 32 Cal.3d at pp. 486-488.)

Having determined that the threshold requirements for application of collateral estoppel are present, we must next determine whether there are any public policy considerations that would preclude application herein. Those policy considerations include the preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation. (See *Lucido* v. *Superior Court*, *supra*, 51 Cal.3d at p. 343; *People* v. *Taylor* (1974) 12 Cal.3d 686, 695-697 [117 Cal.Rptr. 70, 527 P.2d 622].) Each of these policy considerations, as will be discussed, favor application.

Public confidence in the integrity of the judicial system is obviously threatened when a nonjudicial officer, in an informal administrative hearing with no testimony taken, is permitted to relitigate the validity of an arrest that has been previously determined by a municipal court judge, at a contested evidentiary hearing, in the formal setting of a criminal prosecution. If this scenario does not tend to undermine the "integrity of the judicial system," it is difficult to conceive of what would. *Sims* found an impairment to the integrity of the judicial system when the administrative hearing preceded the criminal proceedings. When, as here, it is the prior judicial decision that is being ignored in the subsequent administrative hearing, the impact on the integrity of "judicial system" is even more direct and magnified. Finally, we discern nothing in *Lucido* that would dictate a different result. On the contrary, *Lucido* supports our analysis because application of collateral estoppel will not preclude the favored hearing on the merits. That

hearing took place in the municipal court on the motion to suppress evidence. It is the judicial determination on the merits of the arrest issue that precludes relitigation of the same issue in the subsequent administrative proceeding.[2]

The remaining two policy considerations—promotion of judicial economy and protection of litigants from harassment of vexatious litigation—do not require extensive discussion. Judicial economy will be promoted by precluding a second litigation of the arrest issue when that issue has been previously resolved in the criminal case. The policy against vexatious litigation is also satisfied when the state first litigates the issue at a contested hearing in the criminal case, declines to seek further judicial review as provided by statute, and then attempts to litigate for a second time the same issue on the same facts in a different forum and at a hearing that lacks the formalities, protections, and judicial scrutiny that existed at the first hearing.

### CONCLUSION

Having determined that the threshold requirements for application of collateral estoppel are present and that the relevant public policies favor application in this case, the superior court's order precluding appellant from relitigating the validity of respondent's arrest was correct and its order vacating the license revocation was proper.

Accordingly, the judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

---

[2]With respect to this particular policy consideration, it should be observed that had the DMV hearing been conducted before the suppression hearing in municipal court, an argument could be advanced under *Lucido* that collateral estoppel should not be applied to the subsequent judicial proceeding because to do so would preclude a full and fair hearing on the merits. In fact, as a result of legislation that became effective after the events here, a determination of issues by DMV "has no collateral estoppel effect on a subsequent criminal prosecution . . . ." (§ 13558, subd. (g).) That is not our case, however, and here the favored hearing is not precluded but rather serves to preclude.