[Crim. No. 4093.   Second Dist., Div. Three.   May 12, 1947.]

THE PEOPLE, Respondent, v. THOMAS HADDEN et al., Defendants; CHARLES HERDEGEN, Appellant.

A. Maxson Smith for Appellant.

Fred N. Howser, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

WOOD, J.—Defendants Hadden and Herdegen were charged with the crime of burglary in two counts. Count I charged that they committed burglary on January 18, 1946, and Count II that they committed burglary on April 2, 1946. Both defendants waived trial by jury. At the trial Hadden pleaded guilty to Count I, and Count II was dismissed as to him in order that he might be called as a witness for the People. The trial proceeded as to Herdegen and, after the evidence on behalf of the People had been presented,

the court dismissed Count I. After evidence was presented on behalf of Herdegen, the court adjudged that he was guilty as charged in Count II, and that the offense was burglary of the first degree. Herdegen appeals from that judgment and the order denying his motion for a new trial.

Appellant contends that the evidence is insufficient to support a conviction of burglary of the first degree.

Appellant and Hadden were arrested about 3 a. m. on April 2, 1946, in an alley behind a music store which was on Melrose Avenue in Los Angeles. Before the arrest, while appellant was fleeing from the scene of the crime, he was shot by a police officer. At the time of the arrest Hadden was armed with a .32 automatic pistol which, according to testimony, he pointed at two of the arresting officers. Appellant's automobile, which was in the alley, contained radios and other articles which had been removed from the music store, and at the time the policemen first drove into the alley appellant and Hadden were carrying a radio toward appellant's automobile. Appellant testified that he had been drinking heavily for several hours prior to his arrest; that he vaguely remembered entering the alley but he did not remember entering the music store; that he did not remember being shot, and did not know he had been shot until he was in the hospital. Hadden testified that he was driving appellant's automobile; that appellant had been drinking heavily and he took him for a ride to "straighten him out"; that he drove into the alley, and the back window to the music store was open; that he entered the store through the window; that he then opened the back door of the store from the inside and admitted appellant; that the two of them removed the articles from the store which were found in appellant's automobile, and they also removed the radio, which they were carrying when the policemen arrived, from the store; that the burglary had not been planned; that while he was entering the store through the window, appellant handed him the pistol and he put it in his pocket; that he did not remember removing it from his pocket but he remembered having it in his hand before his arrest while he was running.

Section 460 of the Penal Code provides, in part, that every burglary "committed by a person armed with a deadly weapon" is burglary of the first degree. Appellant, who was convicted of Count II, asserts that he was not armed and that the possession of a deadly weapon by Hadden, as to

whom Count II was dismissed, could not be imputed to appellant. His argument is, in substance, that the discharge of Hadden, under section 1099 of the Penal Code, was an acquittal of Hadden according to the provisions of section 1101 of the Penal Code and was equivalent to a verdict of not guilty; that, therefore, the possession of a deadly weapon by Hadden, who was innocent as to Count II, could not be imputed to appellant.

At the trial, before any evidence was presented, the deputy district attorney stated that he would call Hadden as a witness for the People, and "for that reason" he then asked the court to dismiss Count II. The court thereupon dismissed Count II as to Hadden. The minutes for that day include the statement, "On motion of the People, Count 2 of the indictment is dismissed as to the Defendant Thomas Hadden only." It appears, as asserted by the parties in their briefs, that said dismissal was under the provisions of section 1099 of the Penal Code.

Section 1099 of the Penal Code provides: "When two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged, that he may be a witness for the people."

Section 1101 of the Penal Code, above referred to, provides: "The order mentioned in the last two sections [including sec. 1099] is an acquittal of the defendant discharged, and is a bar to another prosecution for the same offense."

The court considered those two sections in the case of *People* v. *Gilbert*, 26 Cal.App.2d 1 [78 P.2d 770], wherein the appellants, husband and wife, contended that the discharge of their codefendants under section 1099 of the Penal Code amounted to an acquittal under the provisions of section 1101 of the Penal Code, and that consequently such codefendants could no longer be considered as coconspirators, and appellants, being husband and wife, could not alone be guilty of a conspiracy. It was held therein that when the discharge is pursuant to section 1099 such a result should not follow, and the court stated at page 25, "The purpose of the order of discharge, as indicated by the statute, is that the defendant who receives the benefit of the order of discharge 'may be a witness for the people.' The issue remains the same, notwithstanding the discharge, and we would be

thwarting the legislative purpose should we engraft an exception upon the statute in favor of a coconspirator." It was stated further at page 26: "Where, as in the instant case, the discharge of an alleged coconspirator is not inconsistent with his guilt, but simply bars a subsequent prosecution of him, it does not invalidate the conviction of his coconspirators. Statutes such as section 1099 and 1101 of the Penal Code, granting an immunity to persons testifying do not in our opinion acquit the witness of the offense, but the fact of his testifying bars a prosecution for such offense. While Mr. and Mrs. Baylis [the codefendants] could not be further prosecuted, their discharge under the provisions of section 1099 did not amount to a declaration of their innocence of the charges against them in the conspiracy counts of the amended indictment."

Appellant states that the court, in *People* v. *Gilbert, supra,* ignored the plain meaning of the word "acquittal" as used in section 1101. The word "acquittal" as used in that section is not to be construed as an acquittal on the merits. The dismissal of Count II as to Hadden was not an adjudication that he was not guilty of the crime charged therein, but it was a bar to prosecution of Hadden on that charge. In the case of *People* v. *Simpson,* 66 Cal. App.2d 319 [152 P.2d 339], wherein appellant contended that dismissal of a charge of kidnaping against her codefendants operated as an acquittal of appellant since her offense consisted of aiding and abetting those codefendants in the commission of that crime, the court stated at page 329: "The judgment of dismissal was not an adjudication that the crime of kidnaping had not been committed, although it has operated to free the codefendants from further prosecution and from punishment for that crime. They stand as if they had never been prosecuted for the crime of kidnaping. The judgment of dismissal has no greater effect."

The evidence was sufficient to support the conviction of burglary of the first degree.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.