[No. F016451. Fifth Dist. Apr. 23, 1992.]

RICHARD JOHN AGRESTI, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

### COUNSEL

Daniel E. Lungren, Attorney General, N. Eugene Hill and Allen Sumner, Assistant Attorneys General, and Cathy A. Neff, Deputy Attorney General, for Defendant and Appellant.

Canelo, Hansen & Wilson and Rickey D. Wallace for Plaintiff and Respondent.

### OPINION

**STONE (W. A.), Acting P. J.—**

#### THE CASE

Appellant, Department of Motor Vehicles (Department) appeals from a judgment of the superior court granting the petition for writ of mandate of respondent, Richard John Agresti. The judgment directs the Department to set aside its order suspending Agresti's driving privilege.

#### BACKGROUND

A vehicle occupied by Agresti and two friends became stuck in the dirt on August 26, 1990. The parties disagree about which of the three men was

driving at the time. While the men were waiting for help to free the truck, Patrolman Lawson of the California Highway Patrol arrived at the scene in response to a report of an accident. Lawson observed that Agresti appeared to be intoxicated. After administering field sobriety tests, the officer arrested Agresti for driving under the influence. A blood test made shortly afterward indicated Agresti had a blood-alcohol level of 0.09 percent.

Patrolman Lawson also issued an "Administrative Per Se Order of Suspension" pursuant to sections 13353.2 and 13353.3 of the Vehicle Code[1] ordering suspension of Agresti's driving privilege after 45 days.

A criminal complaint in the municipal court charged Agresti with violation of section 23152, subdivisions (a) and (b), (driving under the influence) and former section 16028, subdivision (a) (failure to provide evidence of financial responsibility). On the day scheduled for trial, the court dismissed the charges on motion of the deputy district attorney.

Almost two and one-half months later the Department held a formal hearing on the order of suspension at which it took testimony from Agresti, his wife, the other two men with him on the evening he was arrested, and Patrolman Lawson. A day after the hearing the Department issued a "Notice of Findings and Decision" sustaining the order suspending Agresti's driving privilege. Agresti's license was suspended for one year because he had a violation within the previous seven years for driving under the influence.

Following Agresti's request for administrative review of the decision, the Department issued a "Notice of Decision of Administrative Review" upholding the one-year suspension.

Agresti then filed a petition for writ of mandate in the superior court alleging the invalidity of the Department's suspension order on several separate grounds. The court issued an alternative writ of mandate directing the Department to reinstate Agresti's driver's license or to show cause. Following a hearing the court concluded because the municipal court dismissed the criminal charges against Agresti, section 13353.2, subdivision (e) required the Department to reinstate his license. The court did not decide any other issue. Thus, there is but one issue on appeal: whether a dismissal of criminal charges for driving under the influence is equivalent to an acquittal for the purposes of section 13353.2, subdivision (e).

### DISCUSSION

Section 13353.2 is part of an administrative procedure for suspending the driving privileges of persons who drive under the influence of intoxicants. The purpose of the procedure has been declared:

---

[1] All statutory references are to the Vehicle Code unless otherwise indicated.

"(a) To provide safety for all persons using the highways of this state by quickly suspending the driving privilege of those persons who have shown themselves to be safety hazards by driving with an excessive concentration of alcohol in their bodies.

"(b) To guard against the potential for any erroneous deprivation of the driving privilege by providing an opportunity for administrative review prior to the effective date of the suspension and an opportunity for a full hearing as quickly as possible after the suspension becomes effective.

"(c) To place no restriction on the existing ability of a prosecutor to pursue criminal actions pursuant to Section 23152 or 23153 of the Vehicle Code." (Stats. 1989, ch. 1460, § 1, No. 11, West's Cal. Legis. Service, p. 5550 [No. 7 Deering's Adv. Legis. Service, p. 6365].)

If a person arrested for violation of section 23152 or 23153 is determined to have a blood-alcohol level of 0.08 percent or more, an officer, acting on behalf of the Department, is required to serve the person with notice of an administrative order suspending his or her driving privilege (§ 23158.5). The suspension order becomes effective 45 days after service of the notice (§ 13353.3, subd. (a)). The Department itself must review the order to determine, by a preponderance of the evidence, that the officer had reasonable cause to believe the person violated section 23152 or 23153, the person was placed under arrest, and the person was driving or was in actual physical control of the vehicle while intoxicated (§ 13557). A person who has received a suspension order may request a hearing limited to these same issues (§ 13558) and may seek judicial review of an adverse decision (§ 13559).

Section 13353.2 requires the Department to reinstate a person's driving privilege if the person is "acquitted" of related criminal charges. That section states in part:

"(a) The department shall immediately suspend the privilege of any person to operate a motor vehicle if the person was driving or was in actual physical control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood.

". . . . . . . . . . . . . . . . . . . . . . . . .

"(e) The determination of the facts in subdivision (a) is a civil matter which is independent of the determination of the person's guilt or innocence, shall have no collateral estoppel effect on a subsequent criminal prosecution, and shall not preclude the litigation of the same or similar facts in the

criminal proceeding. *If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a), the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department has suspended it administratively pursuant to subdivision (a) . . . .*" (Italics added.)

The Department contends the term "acquitted" in section 13353.2, subdivision (e) refers to an adjudication of the facts underlying the administrative suspension. Agresti, on the other hand, argues "acquitted" means only that further prosecution of the criminal charge is barred, whether or not there has been a factual determination on the merits. Because Penal Code section 1387 provides dismissal of a misdemeanor which is not charged with a felony bars a second prosecution for the same offense, he contends he has been "acquitted" within the meaning of section 13353.2, subdivision (e).

■ The goal of statutory construction is to determine the intent of the Legislature in order to give effect to the purpose of the law. (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr. 722].) A provision should be given a reasonable and common sense interpretation. The court should consider such matters as " ' "context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, and contemporaneous construction." ' " (*Id.* at p. 18.)

■ Section 13353.2 is part of the same statutory scheme as section 13353 which requires the Department to suspend or revoke a person's driving privilege for failure to submit to blood-alcohol tests. Such laws " 'must be liberally construed to effect their objects and suppress the mischief at which they are directed. They should not be given a strained construction that might impair their remedial effect.' " (*Bush* v. *Bright* (1968) 264 Cal.App.2d 788, 792 [71 Cal.Rptr. 123].)

The record on appeal does not disclose the reason for the dismissal of the criminal charges filed against Agresti. ■ A criminal case may be dismissed on any one of several grounds, some based on procedural defects, others based on the merits of the case. Indeed, some dismissals are simply "in furtherance of justice." (Pen. Code, § 1385.) Thus, a dismissal does not necessarily involve a consideration of the merits of the cause.

The term "acquittal," on the other hand, generally refers to a disposition based upon a determination of the merits.[2] "[A] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a

---

[2]In this case we are not called upon to consider the effect of a dismissal following a specific finding by a trial court relating to a determination of facts necessary for an administrative

resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' [Citation.]" (*United States* v. *Scott* (1978) 437 U.S. 82, 97 [57 L.Ed.2d 65, 78, 98 S.Ct. 2187] [defining the term in the context of double jeopardy].)[3]

"Acquittal" has also been used in a more general sense to refer to any disposition which bars further prosecution of a particular criminal charge, even when the disposition is not based on the merits. A dismissal has sometimes been termed an acquittal to indicate its preclusive effect. For example, Penal Code section 1101 provides discharge of a codefendant to act as a witness, under Penal Code section 1099 or 1100, "is an acquittal of the defendant discharged, and is a bar to another prosecution for the same offense." However, the term "acquittal" as used in Penal Code section 1101 ". . . is not to be construed as an acquittal on the merits. The dismissal . . . was not an adjudication that [defendant] was not guilty of the crime charged therein, but it was a bar to prosecution of [defendant] on that charge." (*People* v. *Hadden* (1947) 79 Cal.App.2d 635, 638 [180 P.2d 371]. See also *People* v. *Gilbert* (1938) 26 Cal.App.2d 1, 25-26 [78 P.2d 770].)[4]

Other courts have also drawn the same distinction in similar contexts. In *People* v. *Simpson* (1944) 66 Cal.App.2d 319 [152 P.2d 339] the defendant argued dismissal (under Pen. Code, § 1385) of kidnapping charges against her codefendants operated as an acquittal of her, since she was charged with aiding and abetting the crime. The court said: "The judgment of dismissal was not an adjudication that the crime of kidnapping had not been committed, although it has operated to free the codefendants from further prosecution and from punishment for that crime. They stand as if they had never been prosecuted for the crime of kidnapping. The judgment of dismissal has no greater effect." (66 Cal.App.2d at p. 329.)

---

suspension. For example, criminal charges for driving under the influence might be dismissed following suppression of blood test evidence based on a finding by the trial court that the defendant was arrested without probable cause. (See, e.g., *Zapata* v. *Department of Motor Vehicles* (1991) 2 Cal.App.4th 108 [2 Cal.Rptr.2d 855].) If a factually compelled dismissal comes *after* the administrative suspension, and the doctrine of collateral estoppel does not apply, the question then would be whether the finding operates as an acquittal for purposes of section 13353.2, subdivision (e).

[3]Both parties cite definitions of "acquittal" and "dismissal" from various general and legal dictionaries to support their respective positions. To the extent dictionary definitions may be used to establish the meaning of a legal term, they are inconclusive in this instance.

[4]Appellant cites *Lofthouse* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 730 [177 Cal.Rptr. 601]. That case held the Department was not collaterally estopped to suspend the plaintiff's driving privilege under section 13353 by a prior dismissal of criminal charges for driving under the influence. (But see *Zapata* v. *Department of Motor Vehicles*, *supra*, 2 Cal.App.4th at p. 113.) The present case, however, does not involve the doctrine of collateral estoppel.

In *People* v. *Burke* (1956) 47 Cal.2d 45, 51 [301 P.2d 241], the court stated: "The striking or dismissal of a charge of prior conviction (regardless of whether it has or has not been admitted or established by evidence) is not the equivalent of a determination that defendant did not in fact suffer the conviction [citations][.]" (See also *Nicolino* v. *Cozens* (1973) 33 Cal.App.3d 1024, 1026 [109 Cal.Rptr. 498].)

Respondent primarily relies on *People* v. *Superior Court* (*Lauman*) (1963) 217 Cal.App.2d 517 [31 Cal.Rptr. 710], in which the People refiled criminal charges against the defendant following a mistrial. The trial court (erroneously) granted defendant's motion to dismiss the refiled charges on a plea of once in jeopardy. The People sought a writ of mandate ordering the trial court to proceed with the trial. In denying the petition, the appellate court said: "While the disposition was stated in the form of a dismissal, in legal effect it was an acquittal of the defendant. (See Pen. Code, § 1155, subd. 2.)"[5] (*Id.* at p. 519.) The disposition barred appeal by the People who, the court said, should not be allowed to reach the same result, in effect, by extraordinary writ.

The cited language does not support Agresti's argument. It only confirms that a dismissal may sometimes have the same effect as an acquittal to dispose of criminal charges. The question here is not whether the dismissal of charges barred further criminal prosecution, but whether it also was intended to have the effect of overturning a prior, separate civil order suspending Agresti's driving privilege.

Before it may suspend a person's driving privilege, the Department must make a specific factual determination the person was driving or in physical control of a vehicle while intoxicated (§ 13557). The determination is reviewable at a full administrative hearing (§ 13558). The suspension must be rescinded if the person is acquitted of criminal charges "relating to" this determination of facts (§ 13353.2, subd. (e)). ▮▮▮▮ It would be inconsistent with the purpose of this factfinding procedure, and with the intent to suspend the driving privilege of those who are thus found to have been driving under the influence, to rescind the suspension for reasons that have nothing to do with whether the person was in fact driving while intoxicated.

Furthermore, the factual determination involved in an administrative suspension is "a civil matter which is independent of the determination of the

---

[5]Penal Code section 1155, subdivision 2 provides: "If the plea is a former conviction or acquittal or once in jeopardy of the same offense, the court must give judgment of *acquittal* or conviction, as the facts prove or fail to prove the former conviction or acquittal or jeopardy." (Italics added.)

person's guilt or innocence[.]" (§ 13353.2, subd. (e).) Although an administrative per se suspension order may only be issued to a person who has first been arrested lawfully for driving under the influence, the suspension itself is not dependent upon a subsequent conviction on criminal charges. A suspension under section 13353.2 is separate from any suspension or revocation resulting from a criminal conviction for driving under the influence (§ 13353.3, subd. (c)). Because an administrative suspension is not predicated upon a criminal conviction, the fact that criminal charges have been dismissed and cannot be refiled does not, by itself, remove the basis for the suspension.

Agresti contends this conclusion will put a person whose driving privilege is subject to administrative suspension in the position of having to oppose a motion to dismiss criminal charges in order to obtain a ruling on the merits. However, as this case demonstrates, a person whose driving privilege is suspended under section 13353.2 may seek judicial review of the Department's decision, irrespective of any criminal proceedings (§ 13559). Contrary to Agresti's contention, acquittal of the criminal charges is not necessary to regain one's driving privilege.

 The words used in a statute should be given their usual meaning unless the meaning is inconsistent with the apparent intent of the statute. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) The term "acquittal" has consistently been held to refer to a disposition of a criminal case following an adjudication on the merits. This interpretation is consistent with the express purpose of section 13353.2 to suspend quickly the driving privilege of persons found to have been driving under the influence and to provide expeditious review. The fact that dismissal bars further prosecution of the related but separate criminal charge does not make it equivalent to an acquittal for the purposes of section 13353.2.

### DISPOSITION

The order granting respondent's petition for writ of mandate is reversed. The matter is remanded to the trial court for further proceedings upon the remaining issues raised in respondent's petition for writ of mandate consistent with this court's opinion.

Thaxter, J., and Harris, J., concurred.

A petition for a rehearing was denied May 21, 1992, and the opinion was modified to read as printed above.