[No. F016942. Fifth Dist. July 29, 1992.]

SHELLEY DEANN CLAXTON et al., Plaintiffs and Respondents, v. FRANK S. ZOLIN, as Director, etc., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich, Acting Assistant Attorney General, Martin H. Milas and Sonja K. Berndt, Deputy Attorneys General, for Defendant and Appellant.

Ronald A. Jackson for Plaintiffs and Respondents.

OPINION

BEST, P. J.—

INTRODUCTION

The Department of Motor Vehicles (Department) appeals from a judgment of the superior court granting a petition for writ of mandate directing the Department to set aside an order suspending respondents' driving privileges and to pay respondents' attorney fees.

Respondents were arrested for driving under the influence of alcohol and the Department suspended their driver's licenses pursuant to the administrative per se statute, Vehicle Code section 13353.2, subdivision (a).[1] They were charged with violations of section 23152, subdivisions (a) and (b),[2] but were found not guilty of the section 23152(b) charges based on stipulated facts or pursuant to plea bargains. They sought reinstatement of their licenses under section 13353.2(e) which requires the Department to "immediately reinstate" driving privileges if the person whose license was suspended under section 13353.2(a) is "acquitted of criminal charges relating to a determination of facts under subdivision (a)." The Department refused to reinstate respondents' driving privileges, contending that section required reinstatement only upon an acquittal where the issues are actually litigated and determinations of fact actually made in the driver's favor.

We conclude the not-guilty findings in respondents' cases were acquittals within the meaning of section 13353.2(e), and the court properly ordered the Department to reinstate respondents' driving privileges. However, we further conclude the Department's interpretation of the section did not constitute arbitrary or capricious conduct warranting an award of attorney fees to respondents under Government Code section 800. Therefore, we reverse that portion of the judgment.

FACTUAL AND PROCEDURAL HISTORY

Respondent M. Lucas was arrested for driving under the influence on February 28, 1991, and charged with violations of section 23152(a) and (b). His breath test results were .10 and .10 percent by weight of alcohol in his blood. Pursuant to section 13353.2(a), the Department suspended his driver's license for driving with a blood-alcohol concentration (BAC) greater than

---

[1]All statutory references are to the Vehicle Code unless otherwise indicated.

[2]References to the various subdivisions of sections 13353.2 and 23152 will be made without use of the word "subdivision."

.08 percent. Lucas did not seek administrative review of the suspension. He pled guilty to a violation of section 23152(a). As to the section 23152(b) charge, the court stated:

"Well, my thoughts on [the proposed resolution][3] is if you both want to stipulate that the probabilities favor that there would be less than a .08 blood alcohol level at the time of the driving . . . then I would go ahead and acquit him on that charge. But there are so many factors involved otherwise that I don't think I would want to do it.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"Counsel have stipulated as to the second count that the defendant was driving and that the probabilities favor that his blood alcohol level was below a .08 at the time of driving. With the understanding that those stipulations were a part of the plea bargain and based on those stipulations, I'll make a finding the defendant is not guilty on the second count."

Respondent C. Sorg was arrested for driving under the influence on February 24, 1991, and charged with violations of section 23152(a) and (b). His breath test results were .10 and .10. Pursuant to section 13353.2(a), the Department suspended his license for driving with a BAC of .08 percent or greater. Sorg requested an administrative hearing on the suspension and the Department upheld the suspension. Sorg pled guilty to a violation of section 23152(a) and the parties submitted the section 23152(b) charge on the police reports. The court found Sorg not guilty; however, the abstract of judgment notes a conviction of section 23152(a) with a BAC of .10.

The remaining respondents were arrested for driving under the influence and the Department suspended their licenses pursuant to section 13353.2(a). All were found not guilty of section 23152(b) charges, but pled guilty to violations of section 23103/section 23103.5 ("wet reckless").

---

[3]A handwritten unsigned note in Lucas's municipal court file states:
"Proposed Resolution
"1. [Defendant] will plead to count 1 and admit prior if:
"2. The court will indicate that, upon a court trial based on the arrest report, the court would find the defendant not guilty of 23152b.
"This is based on the probability that testimony will show that
"(1) the defendant was stopped 50 to 55 minutes prior to the time of the test
"(2) The test result [sic] were .10 & .10
"(3) The machine has an error factor of .01
"(4) That a reasonable drinking pattern would indicate the defendant was in a rising blood alcohol stage that would reasonably show an absorption of .02 from the time of last driving to the time of the test
"(5) It is reasonable that the defendant's blood alcohol level at the time of driving, based on these facts, was under .08."

Respondents sought reinstatement of their driving privileges based on their acquittals of the section 23152(b) charges. The Department refused to reinstate the licenses claiming section 13353.2(e) required reinstatement only upon a finding of not guilty after an adjudication; an acquittal pursuant to a plea agreement did not qualify.

Respondents filed a petition for writ of mandate asserting the Department had a ministerial duty to reinstate their driver's licenses and had acted arbitrarily and capriciously in denying their requests for reinstatement. After a contested hearing, the trial court granted the petition and awarded respondents $1,200 for attorney fees pursuant to Government Code section 800. The Department appeals the judgment as to respondents Lucas and Sorg in total; it appeals the judgment as to the remaining respondents only as to the award of attorney fees.

## DISCUSSION

### I.

*Does section 13353.2(e) require the Department to reinstate driving privileges only if the driver is acquitted of criminal charges in a contested proceeding where the necessary issues are actually litigated and determinations of fact made in the driver's favor by the trier of fact?*

### Standard of Review

Whether Lucas and Sorg are entitled to reinstatement of their driving privileges depends on the interpretation of section 13353.2(e). The interpretation of a statute is a question of law reviewed de novo by this court. (*Payne v. Department of Motor Vehicles* (1991) 235 Cal.App.3d 1514, 1517 [1 Cal.Rptr.2d 528].) We therefore apply our independent judgment to the issue whether respondents were "acquitted" within the meaning of section 13353.2(e).

### The Statutory Scheme

Section 13353.2 is part of an administrative procedure for suspending the driving privileges of persons who drive under the influence of alcohol or drugs. Originally, the Department was authorized to suspend or revoke the driver's license of any person convicted of a violation of section 23152 or 23153. (§ 13352.) Effective July 1, 1990, section 13353.2(a) authorized the Department immediately to suspend the driver's license of any person driving a motor vehicle when the person has .08 percent or more of alcohol in his or her blood.

Under the administrative procedure, when a person is arrested for a violation of section 23152 or 23153 and is determined to have a BAC level of .08 percent or greater, an officer serves the person with a notice of order of suspension, confiscates the person's driver's license and issues a 45-day temporary permit. (§ 13353.2(a) & (b); § 23158.5, subds. (a) & (b).) The Department automatically reviews the suspension order to determine, by a preponderance of the evidence, that (1) the officer had reasonable cause to believe the person violated section 23152 or 23153, (2) the person was placed under arrest, and (3) the person was driving or in actual physical control of the vehicle while intoxicated (§ 13557). A person who has received a suspension order may request a hearing with the Department limited to these issues (§ 13558) and may seek judicial review of an adverse decision (§ 13559).

Section 13353.2(e) requires the Department to reinstate a person's suspended driving privilege if the person is "acquitted of criminal charges relating to a determination of facts under subdivision (a)" (the person was driving with a BAC of .08 percent or more).

*Interpretation of Section 13353.2(e)*

In granting the petition for writ of mandate the trial court found respondents were " 'acquitted' of a violation of section 23152 (b) . . . a charge *relating* to a determination of 'facts' under subdivision (a) . . . ." Thus, section 13353.2(e) imposed a duty on the Department to reinstate respondents' driver's licenses and the Department had no authority to review the basis of the court's acquittal.

■ The fundamental principle of statutory construction is to ascertain the legislative intent so the purpose of the law may be effectuated. To determine the Legislature's intent, the court looks first to the words of the statute, giving to the language its usual, ordinary import and according significance, if possible, to every word in pursuance of the legislative purpose. The words of the statute should be construed in context and statutes relating to the same subject must be harmonized to the extent possible. Where uncertainty exists, consideration should be given to the consequences which will flow from a particular interpretation. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

With these principles in mind, we turn to the language of section 13353.2 which reads in pertinent part:

"(a) The department shall immediately suspend the privilege of any person to operate a motor vehicle if the person was driving or was in actual physical

control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood.

". . . . . . . . . . . . . . . . . . . . . . . .

"(e) The determination of the facts in subdivision (a) is a civil matter which is independent of the determination of the person's guilt or innocence, shall have no collateral estoppel effect on a subsequent criminal prosecution, and shall not preclude the litigation of the same or similar facts in the criminal proceeding. *If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a), the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department has suspended it administratively pursuant to subdivision (a) . . . .*" (Italics added.)

The Department contends the phrase "acquitted of criminal charges relating to a determination of facts under subdivision (a)" should be read narrowly to require reinstatement only if the acquittal results from a contested proceeding, where the issues underlying the administrative suspension are actually litigated and essential facts are actually determined in the driver's favor. Respondents contend section 13353.2(e) compels the Department to reinstate driving privileges when notified by way of the abstract of judgment that the person whose license was suspended under section 13353.2(a) has been acquitted of the section 23152(b) charge. Respondents' view comports with proper interpretation of the statute.

The purposes of the administrative suspension procedure embodied in section 13353.2 are: (1) to provide safe highways by quickly suspending the driving privileges of persons who drive with excessive BAC levels; (2) to minimize erroneous deprivation by providing a mechanism for prompt and efficient administrative review of suspension decisions; and (3) to place no restriction on the prosecutor's ability to pursue criminal actions under sections 23152 and 23153. (*Agresti* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 599, 602-603 [7 Cal.Rptr.2d 353].)

With these purposes in mind, we look to the meaning of words utilized. Section 13353.2(e) compels the Department to "immediately reinstate" the driving privileges of a person who has had his or her driving privileges suspended under section 13353.2(a), if the person is "acquitted of criminal charges relating to a determination of facts under subdivision (a)." The facts considered in suspending a license under section 13353.2(a) are: (1) whether the person was driving or in actual physical control of a motor vehicle; and (2) when he or she had a BAC of .08 percent or more.

Section 23152(b), which provides "It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle," is a criminal charge "relating to a determination of facts under subdivision (a) . . . ." Thus, under the plain language of section 13353.2(e), when a person is "acquitted" of section 23152(b) charges, the Department must reinstate his or her driving privileges.

The more difficult issue involves interpretation of the word "acquitted." In *Agresti* v. *Department of Motor Vehicles, supra,* we held that a dismissal of criminal charges for driving under the influence does not constitute an acquittal for purposes of section 13353.2(e). (5 Cal.App.4th at p. 607.) We noted the term "acquittal" has consistently been held to refer to a disposition of a criminal case following an adjudication on the merits. That interpretation was consistent with section 13353.2's express purpose to suspend quickly the driving privilege of persons found to have been driving under the influence and to provide expeditious review. Thus, it would be inconsistent to rescind an administrative suspension based on a dismissal for reasons unrelated to whether the person was in fact driving while intoxicated. (5 Cal.App.4th at p. 606.)

In this case, respondents' criminal cases were not dismissed; rather, respondents were found not guilty of driving with a BAC of .08 percent or greater. The trial court found Lucas not guilty of violating section 23152(b) after the attorneys stipulated "the probabilities favor" that Lucas had less than a .08 blood-alcohol level at the time he was driving. In Sorg's case, the parties submitted the section 23152(b) charge to the court for adjudication on the police reports and the court found Sorg not guilty.

The Department argues Lucas's acquittal, which resulted from a plea bargain and was based on stipulations of the parties rather than actual litigation of the factual issues, did not meet the acquittal requirements for reinstatement under section 13353.2(e). We disagree.

The United States Supreme Court, defining the term "acquitted" in the context of double jeopardy, stated:

"[A] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' [Citation.]" (*United States* v. *Scott* (1978) 437 U.S. 82, 97 [57 L.Ed.2d 65, 78, 98 S.Ct. 2187].)

We found that interpretation applicable to section 13353.2(e)'s use of the term in *Agresti* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at pages 604-605, and reiterate its application here.

The not-guilty ruling by the judge in Lucas's case constituted a resolution in Lucas's favor of the factual elements of the section 23152(b) charge. Regardless whether the judge's ruling was based on adversarial litigation or a factual stipulation of the parties, the ruling constituted a disposition of the criminal charge on the merits. Thus, Lucas was "acquitted of criminal charges relating to a determination of facts under subdivision (a)."

Nothing in the language of the statute requires the narrow reading urged by the Department. The "determination of facts" language does not refer to or qualify the "acquitted of" language. Rather, that phrase qualifies the criminal charges language. It limits licensure reinstatement to those cases where the driver is acquitted of crimes relating to the factual determinations which authorized the Department to suspend the driver's license under section 13353.2(a).

Our interpretation is consistent with the express purposes of section 13353.2 to suspend quickly the driving privileges of persons found to have been driving with an excessive BAC and to prevent erroneous deprivation of privileges. The judge's not guilty beyond a reasonable doubt finding on the section 23152(b) offense negates the administrative finding that defendant was driving with an excessive BAC which supported the administrative per se suspension.

Case law construing the implied consent statutes (§§ 13353 and 23157), on which the Department relies, is inapposite. Under the implied consent laws, when a person who has been arrested for driving under the influence refuses or fails to complete the required chemical tests, the Department suspends the person's driving privileges for at least one year. (§ 23157, subd. (a)(1).) However, unlike the administrative per se statutes, the implied consent statutes do not provide for reinstatement of driving privileges if the person is acquitted of the driving under the influence charges. Administrative proceedings for licensure suspension for refusal to submit to chemical testing are unaffected by the results of the criminal prosecution for driving under the influence. (*Lofthouse* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 730, 738 [177 Cal.Rptr. 601]; *August* v. *Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 67 [70 Cal.Rptr. 172].) Thus, the Department's reliance on the implied consent case law such as *Betyar* v. *Pierce* (1988) 205 Cal.App.3d 1250 [252 Cal.Rptr. 907], is misplaced.

We do not accept the Department's claim that an acquittal based on stipulated facts with the resulting licensure reinstatement circumvents the administrative per se law. If prosecutors are aware the Department must reinstate the driving privileges of persons whose privileges were suspended

under section 13353.2(a) if they are acquitted of section 23152(b) charges, prosecutors will be motivated to prosecute those cases where they believe a conviction is likely. Conversely, where as here, they believe the "probabilities favor" a finding the accused's BAC was below .08 percent at the time of driving, despite the higher chemical testing results which supported the administrative suspension, they may stipulate to facts which will lead to an acquittal of the section 23152(b) charge in exchange for pleas to alternative offenses which more accurately reflect the accused's guilt. And, if the driver pleads guilty to one of the driving under the influence offenses for which the Department is authorized to suspend driving privileges following conviction, he or she will suffer licensure suspension or revocation that is appropriate to the offense.

For all of the above reasons, the trial court correctly found the Department was obligated under section 13353.2(e) to reinstate Lucas's driving privileges.

Sorg's case for reinstatement is equally persuasive. Sorg was charged with violations of section 23152(a) and (b). He pled guilty to the subdivision (a) offense, and submitted the issue of his guilt on the subdivision (b) offense to the court on the police report. The court found Sorg not guilty of that offense. However, the Department refused to reinstate his driver's license because the abstract of judgment indicated he had a section 23152(a) conviction with a BAC of .10. ▮ The Department contends the abstract refutes Sorg's assertion that a favorable "determination of facts" was made as to the issue of his driving with a BAC of .08 percent or more. We disagree. The record demonstrates the abstract of judgment erroneously reflects the breathalyzer test results rather than the judicial determination that Sorg did not drive with a BAC of .08 or greater. Thus, the trial court correctly ordered the Department to reinstate Sorg's license in light of the record showing he was acquitted of the section 23152(b) charge, a criminal offense relating to the determination of facts under section 13353.2(a).

Moreover, interpreting section 13353.2(e) to authorize the Department to "go behind" an acquittal as indicated on the abstract of judgment would impede the Department's duty to "immediately reinstate" the driving privileges of those acquitted of the specified criminal charges.

## II.

*Did the court abuse its discretion in awarding respondents attorney fees under Government Code section 800?\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

That portion of the judgment awarding attorney fees to respondents is reversed. The judgment is affirmed in all other respects. Each side to bear its own costs.

Thaxter, J., and Schultz, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 1992.

---

*See footnote, *ante,* page 553.
†Judge of the Kings County Superior Court sitting under assignment by the Chairperson of the Judicial Council.