[No. D017168. Fourth Dist., Div. One. June 22, 1993.]

JULIE ANN SNOW, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

**COUNSEL**

Brian McCarthy for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Martin H. Milas and Mary Horst, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**BENKE, J.**—Julie Ann Snow appeals the judgment denying her petition for a writ of mandate ordering the Department of Motor Vehicles (Department) to delete from its files references to her driving with excessive blood alcohol and suspension of her driver's license.

On July 21, 1991, California Highway Patrol Officer Eric Flynn arrested Snow for driving under the influence of alcohol and driving with excessive alcohol in her blood. (Veh. Code.,[1] § 23152, subds. (a) & (b).) After a breath test reflected a .09 blood-alcohol level, Flynn gave Snow notice her privilege to drive could be suspended for four months effective forty-five days after her arrest. (§§ 13353.2 & 13353.3.) Snow does not claim she sought administrative review of the suspension. It went into effect on September 4, 1991. (§ 13559, subd. (a).) The People charged Snow with driving under the influence of alcohol and with a blood-alcohol level of .08 percent or more. A jury was unable to reach a verdict, and the court dismissed the charges pursuant to Penal Code section 1385.

Relying on section 13353.2, subdivision (e), Snow filed a petition for writ of mandate to order the Department to delete from its files reference to her excessive blood alcohol and suspension of her driver's license. Section 13353.2, subdivision (e) provides in pertinent part: "If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a), the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department had suspended it administratively pursuant to subdivision (a), and the department shall return or reissue for the remaining term any driver's license which has been taken from the person pursuant to Section 23158.5 or otherwise."

Snow argues dismissal of the criminal charges was tantamount to an acquittal and the trial court erred in denying her petition. We disagree.

■ Before discussing the merits, we note the Department points out Snow did not appeal the suspension administratively and claims she is barred from seeking mandate by failure to exhaust her administrative remedies. However, Snow was given notice an administrative appeal had to be filed within 10 days of the notice of suspension given at the time of arrest if an administrative appeal was required to seek court relief. We take judicial notice an acquittal cannot occur within 10 days of arrest. Section 13353.2, subdivision (e) is meaningless to defendants who did not appeal the administrative ruling but are acquitted at a trial. The administrative ruling is not an adequate remedy to bar a petition for writ of mandate.

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

In *Agresti* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th, 599, 607 [7 Cal.Rptr.2d 353], the review court said: "The term 'acquittal' has consistently been held to refer to a disposition of a criminal case following an adjudication on the merits. This interpretation is consistent with the express purpose of section 13353.2 to suspend quickly the driving privilege of persons found to have been driving under the influence and to provide expeditious review. The fact that dismissal bars further prosecution of the related but separate criminal charge does not make it equivalent to an acquittal for the purpose of section 13353.2."

While the case here differs from *Agresti* in that the criminal court here dismissed the charge after the jury had hung rather than before trial, the difference is not material. In *Agresti*, the court noted, "Before it may suspend a person's driving privilege, the Department must make a specific factual determination the person was driving . . . while intoxicated [citation]." (5 Cal.App.4th at p. 606.) The court noted this is a civil matter independent of a person's guilt or innocence and the Department is required to terminate its administrative action only if the person is acquitted. Inherent in an acquittal is a factual determination in favor of the defendant. A court may dismiss a charge pursuant to Penal Code section 1385, regardless of the facts, if it concludes dismissal is in the interest of justice. The court which dismissed the criminal charge here may well have felt since Snow was incarcerated in Las Colinas after arrest and already had her license suspended for almost four months, dismissal served the interest of justice regardless of guilt. The trial court did not err in denying the petition for a writ of mandate.

The judgment is affirmed.

Todd, Acting P. J., and Huffman, J., concurred.