Filed 9/21/21  P. v. Clements CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B303026 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA097039) |
| v. | |
| ANDREW CLEMENTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Affirmed.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Michael C. Keller and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

1

Andrew Clements appeals from a judgment entered after the jury convicted him of possession of cocaine for sale and misdemeanor driving with a suspended or revoked license. On appeal, Clements contends the trial court erred in denying his motion to dismiss based on the prohibition against multiple prosecutions under Penal Code section 654.[1] He argues prosecution of the misdemeanor and felony charges was barred by the prior dismissal of two traffic infractions arising from the same traffic stop. Although Clements was sworn in to testify during the trial on the traffic infractions, the dismissal in that proceeding was not on the merits and did not constitute an acquittal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Incident*

On November 14, 2017 Los Angeles County Sheriff's Sergeant Lance Eddins was on patrol in West Hollywood. At approximately 3:00 a.m. Sergeant Eddins pulled over Clements's vehicle after it ran a red light at the intersection of Santa Monica and San Vicente Boulevards. When Sergeant Eddins approached the vehicle and asked for Clements's license and registration, Clements stated he did not have his license and it was suspended.

Los Angeles County Sheriff's Deputies Grehtel Barraza and Stafford Faulkner stopped to assist Sergeant Eddins with the traffic stop. They handcuffed Clements and placed him in the

---

[1]    All further undesignated statutory references are to the Penal Code.

back of their patrol car. Deputies Barraza and Faulkner ran Clements's driver's license and confirmed it was suspended and that the vehicle was registered to Clements. Deputy Faulkner arrested Clements for driving with a suspended license. Clements was issued a traffic ticket for failure to stop at a red light (Veh. Code, § 21453, subd. (a)) and failure to provide evidence of financial responsibility (*Id.*, § 16028, subd. (a)).

Before the vehicle was towed away to be impounded, Deputy Faulkner conducted an inventory search of the vehicle and found a backpack on the passenger seat. The backpack contained scales, pill bottles, plastic baggies, bindles, cocaine, cash, and a cell phone. Clements denied owning the bag and the items inside it.

B. *The Traffic Infractions Trial*

On September 4, 2018 Clements appeared in the Los Angeles Superior Court Traffic Division for a trial in case number AA612412 on the two traffic infractions. The minute order for the trial states, "The Defendant is sworn to testify. [¶] People are not ready to proceed; Officer is not present to testify." Both infractions were then "[d]ismissed [a]fter [c]ourt [t]rial."

C. *The Trial Court Proceedings*

On December 15, 2018 the People filed an information charging Clements with possession of cocaine for sale (Health & Saf. Code, § 11351) and misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)). Clements pleaded not guilty.

Clements filed a pretrial motion to dismiss pursuant to section 654 and *Kellett v. Superior Court* (1996) 63 Cal.2d 822

3

(*Kellett*) asserting that prosecution was barred by dismissal of the traffic infraction charges, which arose from the same course of conduct as the criminal charges.  Clements argued the infractions and license and drug offenses all occurred during the same traffic stop on November 14, 2017, and thus the District Attorney's office knew or should have known about the infractions.

The trial court denied the motion to dismiss.  The court found there was no evidence the District Attorney's office was involved in the traffic case and the multiple prosecutions resulted from Clements's failure to "notify the People or to have the action consolidated."  The court reasoned dismissal was not appropriate given the difference in the gravity of the charges and California's "substantial interest[s] in maintaining the summary nature of the minor motor vehicle [offenses and] . . . prosecuting serious misdemeanors as well as felonies."

The case proceeded to trial, and the jury found Clements guilty on both counts.  Clements was sentenced to three years' formal probation under the condition he pay a fine, serve 30 days in county jail, and perform 30 days of community labor.  Clements timely appealed.

## DISCUSSION

A.    *Standard of Review*

We review de novo the legal question whether section 654 applies to bar a prosecution.  (*People v. Ochoa* (2016) 248 Cal.App.4th 15, 29; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1687.)  "'[T]he totality of the facts [are] examined in light of the legislative goals of . . . 'preventing harassment of the defendant and the waste of public resources

through relitigation of issues.'" (*Short v. Superior Court* (2019) 42 Cal.App.5th 905, 912; accord, *People v. Schnittspan* (1967) 250 Cal.App.2d 951, 952.)

B.     *Section 654's Prohibition Against Multiple Prosecutions*

Section 654, subdivision (a), bars both multiple punishment and multiple prosecutions. (*Short v. Superior Court, supra*, 42 Cal.App.5th at p. 911; *People v. Flint* (1975) 51 Cal.App.3d 333, 336.) As to multiple prosecutions, section 654 provides, "An acquittal or conviction and sentence under any one [statutory provision] bars a prosecution for the same act or omission under any other." In *Kellett, supra*, 63 Cal.2d at page 827, the Supreme Court explained as to section 654, "When . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (Accord, *Short*, at pp. 911-912.)

Courts have adopted a two-part test to determine whether a successive prosecution violates section 654's multiple prosecution prohibition. (*People v. Sanchez* (2020) 49 Cal.App.5th 961, 986; *People v. Hendrix* (2018) 20 Cal.App.5th 457, 464.) The first prong asks "whether 'the same act or course of conduct play[ed] a significant part' in both offenses." (*Hendrix*, at p. 464; accord, *Kellett, supra*, 63 Cal.2d at p. 827.) The second prong asks "whether on the record herein the prosecution was or should have been 'aware of more than one offense.'" (*Davis v.*

5

*Dennis B.* (1976) 18 Cal.3d 687, 692-693; accord, *Hendrix*, at p. 464.)

C.    *The Trial Court Did Not Err in Denying Clements's Motion To Dismiss Because Clements Was Not Acquitted of the Traffic Infractions*

Clements contends the trial court erred in its application of the two-part test under section 654 because the infraction, misdemeanor, and felony charges arose from the same course of conduct and the District Attorney's office should have been aware of the infraction charges. We do not reach the two-part test applied in *People v. Sanchez, supra*, 49 Cal.App.5th at page 986 and by other courts because Clements has not met his burden to show he was acquitted in the traffic proceeding. The trial court therefore properly denied Clements's motion to dismiss.

Clements argues his prosecution was barred because jeopardy attached after he was sworn in during the traffic proceeding. "[J]eopardy does not attach . . . until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" (*Serfass v. U.S.* (1975) 420 U.S. 377, 388; accord, *U.S. v. Lusby* (2020) 972 F.3d 1032, 1037.) In a court trial, jeopardy generally attaches once the first witness is sworn in. (*People v. Upshaw* (1974) 13 Cal.3d 29, 32; accord, *Richard M. v. Superior Court* (1971) 4 Cal.3d 370, 376.) As the Supreme Court explained in *Upshaw*, "A court trial is 'entered upon' when the first witness is sworn. [Citations.] Since the first witness was sworn and began to testify, under the foregoing rules it is clear that defendant Upshaw was placed in jeopardy." (*Upshaw*, at pp. 32-33.)

6

The *Upshaw* court did not address whether jeopardy would attach where, as here, the first witness was sworn but did not begin to testify. The federal courts that have addressed this issue are divided. (See, e.g., *Gonzales v. Justices of Mun. Court of Boston* (2005) 420 F.3d 5, 9-10 [jeopardy did not attach where the court made a finding the defendant was not guilty after a defense witness testified, but the witness had no knowledge relevant to the charged offense and only testified to avoid a dismissal without prejudice for failure to prosecute]; contra, *Goolsby v. Hutto* (4th Cir. 1982) 691 F.2d 199, 202 ["We do not agree with the distinction the Commonwealth seeks to make that if the witness had testified at all, then jeopardy would have attached, but since the witness did not testify, although sworn, jeopardy did not attach."].)

Moreover, even if jeopardy had attached once Clements was sworn in, it does not follow that Clements cannot be prosecuted for other offenses because "[t]he shield of [section] 654 *does not follow from mere jeopardy*." (*People v. Tideman* (1962) 57 Cal.2d 574, 587; accord, *People v. Polowicz* (1992) 5 Cal.App.4th 1082, 1088.) Although we have found no published authority addressing section 654's multiple prosecution prohibition where the defendant was sworn in but not acquitted (or convicted), the Supreme Court has consistently focused on the necessity of an acquittal or conviction and sentence for the prohibition to apply. As the Supreme Court explained in *Tideman*, at page 585, "Until sentence was pronounced . . . there had been neither an acquittal of either charge nor a 'conviction and sentence' under either," so multiple prosecution concerns under section 654 were irrelevant. (Accord, *Aslam v. Superior Court* (2019) 41 Cal.App.5th 1029, 1037, ["[A]lthough a jury convicted defendant . . . the trial court

7

never sentenced him. Since defendant was neither acquitted nor convicted and sentenced . . . section 654 did not prohibit the prosecution from charging defendant . . . ."].) Thus, Clements had the burden to show he was acquitted, not merely that jeopardy attached.

Clements contends dismissal of the traffic infractions constituted an acquittal. However, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" (*United States. v. Scott* (1978) 437 U.S. 82, 97; accord, *People v. Monterroso* (2004) 34 Cal.4th 743, 777; *Agresti v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 599, 607 (*Agresti*) ["The term 'acquittal' has consistently been held to refer to a disposition of a criminal case following an adjudication on the merits."].)

In *People v. Monterroso, supra*, 34 Cal.4th at page 777, the defendant argued as to the penalty phase of a death penalty trial that the trial court erred in admitting evidence of a prior assault and battery where the misdemeanor charges had been dismissed "in furtherance of justice" under section 1385. The defendant argued the admission of evidence of the offenses violated section 190.3, "which bars the admission of evidence at the penalty phase of prior criminal activity 'for which the defendant was prosecuted and acquitted.'" (*Ibid.*) The Supreme Court concluded the dismissal under section 1385 was not the equivalent of an acquittal because "[a]n acquittal requires more than a bar to further proceedings; it requires '"a disposition based upon a determination of the *merits*."'" (*Ibid.*)

8

Similarly, in *Agresti, supra*, 5 Cal.App.4th at pages 603 to 604, the Court of Appeal concluded the dismissal of criminal charges for driving under the influence did not constitute an acquittal under Vehicle Code section 13353.2, which allows a driver's license to be reinstated if the driver is acquitted of the underlying criminal charge. The court reasoned, "The term 'acquittal' has consistently been held to refer to a disposition of a criminal case following an adjudication on the merits" and because the record did not indicate why the criminal charges had been dismissed, there was no disposition on the merits. (*Id.* at p. 604; see *Mosier v. Department of Motor Vehicles* (1993) 18 Cal.App.4th 420, 422 [dismissal of criminal charges pursuant to a negotiated plea was not a resolution on the merits and therefore did not constitute an acquittal for purposes of Vehicle Code section 13353.2].)

Here, as in *Agresti*, the minute order only shows that the infractions were dismissed after a court trial, without any indication of the nature of the dismissals other than that the officer failed to appear at trial and the People were therefore not ready to proceed. Although the reference to a "[c]ourt [t]rial" could mean the court adjudicated the charges (even though no witnesses testified), the statement in the minute order that the charges were "[d]ismissed" suggests otherwise by failing to state a judgment of acquittal was entered in favor of Clements. As section 1118 provides, in a court trial the court "shall order the entry of a judgment of acquittal . . . after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense." Because Clements did not meet his burden to show

9

there was an adjudication on the merits, section 654's multiple prosecution prohibition does not apply.

## DISPOSITION

The judgment of conviction is affirmed.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

10